

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**OFFICE OF THE CLERK**

Alfred A. Arraj
United States Courthouse
901 19th Street
Denver, Colorado 80294
www.cod.uscourts.gov

Jeffrey P. Colwell
*Clerk*

Phone: (303) 844-3433

Date: 8/22/2023

☒Pro Se          ☐Retained          ☐CJA          ☐FPD          USA or other
                                                                ☐Federal Agency
                                                                (Appeal Fee Exempt)

Case No: <u>20-cv-03616-RM-NRN</u>          ☐Amended Notice of Appeal
                                          ☐Other pending appeals
Date Filed: <u>08/21/2023</u>              ☐Transferred Successive
                                              §2254 or §2255
Appellant: <u>Mark Jay Krum</u>            ☐Supplemental Record

Pro Se Appellant:
        ☐IFP forms mailed/given      ☐Motion IFP pending      ☐Appeal fee paid
                                     ☐IFP denied              ☒Appeal fee not paid

Retained Counsel:
        ☐Appeal fee paid          ☐Appeal fee not paid          ☐Motion IFP filed

The Preliminary Record on Appeal is hereby transmitted to the Tenth Circuit Court of Appeals.  Please refer to the forms, procedures, and requirements for ordering transcripts, preparing docketing statements and briefs, and designations of the record that are found on the Tenth Circuit's website, www.ca10.uscourts.gov.

If not already completed, either an appeal fee payment for filing this case or filing of a motion to proceed *in forma pauperis* will be made to this District Court.

The transcript order form must be filed in the District Court as well as the Court of Appeals within 14 days after the notice of appeal was filed with the District Court.

If you have questions, please contact this office.

Sincerely,

JEFFREY P. COLWELL, CLERK

by:  s/<u>S. Chaplin</u>
        Deputy Clerk

cc:      Clerk of the Court, Tenth Circuit Court of Appeals

Rev. 8/17/2017

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| **MARK JAY KRUM** | : | **CASE NO.: 1:20-cv-03616-RM-GPG** |
| **Plaintiff,** | : | |
| **v.** | : | |
| | : | |
| **CHUBB LIMITED;** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **GREAT NORTHERN INSURANCE** | : | **NOTICE OF APPEAL** |
| **COMPANY;** | : | **ECF DOCS. 292 AND 293** |
| | : | |
| **AND** | : | |
| | : | |
| **CELIA SANTANA;** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **DALE KRUPOWICZ;** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **PERSONAL RISK MANAGEMENT** | : | |
| **SOLUTIONS, LLC,** | : | |
| | : | |
| **Defendants.** | : | |

## PLAINTIFF'S NOTICE OF APPEAL TO UNITED STATES
## COURT OF APPEALS FOR THE TENTH CIRCUIT

Plaintiff, Mark Jay Krum ("Plaintiff" or "Mr. Krum"), appearing *pro se*, hereby provides

Notice that Plaintiff, in the above named case, hereby appeals to the United States Court of

Appeals for the Tenth Circuit from the final Judgment [ECF Doc. 293] of the United States

District Court for the District of Colorado entered in this case on August 15, 2023 and its Order

[ECF Doc. 292] of the same date granting defendants' motions for summary judgment [ECF

Docs. 243 and 244].

The parties to the aforementioned Judgment and aforementioned Order appealed from and the names and addresses of their respective attorneys are as follows:


PLAINTIFF/APPELLANT
Appearing *Pro se*
Mark Jay Krum
P.O. Box 6186
Avon, Colorado 81620

DEFENDANTS
Attorney:
Amy M. Samberg, Esquire
999 18th Street, Suite 1765N
Denver, CO  80202
Attorneys for Defendant Great Northern Insurance Company

Attorney:
John M. Palmeri, Esquire
Gordon & Rees LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Attorneys for Defendants Celia Santana and Dale Krupowicz and
   Personal Risk Management Solutions, LLC ("PRMS")


DATED: August 21, 2023                    Respectfully submitted,
Beaver Creek, Colorado

                                          BY: *__s/Mark Jay Krum_____*
                                             Mark Jay Krum, Esq., proceeding *pro se*
                                             P.O. Box 6186
                                             Avon, CO  81620
                                             Tel: 970-845-0100
                                             E-Mail:  MarkJayKrum@aol.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned certifies that a true and correct copy of PLAINTIFF'S NOTICE OF APPEAL was filed with the Court on Monday, August 21, 2023, and sent via Electronic Mail and/or the CM/ECF System upon the following registered PACER and CM/ECF users/attorneys for the below listed named defendants:

Amy M. Samberg, Esquire
Edward C. Denby, Esquire
Justin Hepworth, Esquire
Clyde&Co
999 18th Street, Suite 1765N
Denver, CO  80202
Email: Amy.Samberg@clydeco.us
Email: Edward.Denby@clydeco.us
Email: Justin.Hepworth@clydeco.us
Attorneys for Defendant Great Northern Insurance Company;

AND

John M. Palmeri, Esquire
Abigail Hope Perkins, Esq.
Gordon & Rees LLP
555 Seventeenth Street, Suite 3400
Denver, CO  80202
Email: jpalmeri@grsm.com
Email: aperkins@grsm.com
Attorneys for Defendants Celia Santana and Dale Krupowicz and PRMS

BY: _____*s/Mark Jay Krum*_____
　　　　　　　　　　Mark Jay Krum

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-03616-RM-NRN

MARK JAY KRUM,

      Plaintiff,

v.

CHUBB LIMITED,
GREAT NORTHERN INSURANCE COMPANY,
CELIA SANTANA,
DALE KRUPOWICZ, and
PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,

      Defendants.

---

**FINAL JUDGMENT**

---

In accordance with the orders filed during the pendency of this case, and pursuant to Fed. R. Civ. P. 58(a), the following Final Judgment is hereby entered.

Pursuant to the Order (Doc. 292) by Judge Raymond P. Moore entered on August 15, 2023, it is hereby

ORDERED that judgment is entered in favor of Plaintiff, Mark Jay Krum, and against Defendants, Chubb Limited; Great Northern Insurance Company; Celia Santana; Dale Krupowicz; and Personal Risk Management Solutions, LLC, on Plaintiff's Amended Motion for Partial Summary Judgment. It is further

ORDERED that judgment is entered in favor of the Defendants, Chubb Limited; Great Northern Insurance Company; Celia Santana; Dale Krupowicz; and Personal Risk Management Solutions, LLC, and against Plaintiff, Mark Jay Krum, on Defendants' motions for summary judgment. It is further

ORDERED that this case is closed.

Dated this 15th day of August, 2023.

FOR THE COURT:
JEFFREY P. COLWELL


By:   s/Robert R. Keech
        Robert R. Keech,
        Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
### Judge Raymond P. Moore

Civil Action No. 20-cv-03616-RM-NRN

MARK JAY KRUM,

     Plaintiff,

v.

CHUBB LIMITED,
GREAT NORTHERN INSURANCE COMPANY,
CELIA SANTANA,
DALE KRUPOWICZ, and
PERSONAL RISK MANAGEMENT SOLUTIONS, LLC,

     Defendants.

---

### ORDER

---

Plaintiff, an attorney proceeding pro se in this matter, filed this lawsuit in December 2020 after a sprinkler head inside his home failed, causing significant water damage, and his insurer, Defendant Great Northern Insurance Company ("Great Northern"), declined to pay certain claimed damages.  In his Amended Complaint, Plaintiff asserts claims against Great Northern for breach of contract, common law and statutory bad faith, fraudulent and negligent misrepresentation, and violation of the Colorado Consumer Protection Act ("CCPA").[1]

In October 2021, Plaintiff filed a related action in the Supreme Court of the State of New York against Defendant Personal Risk Management Solutions, LLC ("PRMS"), the insurance broker that assisted Plaintiff in procuring his policy with Great Northern, asserting claims for

---

[1] Plaintiff asserts substantially similar claims against Defendant Chubb Limited, but it has not been served.

breach of contract, negligence, breach of fiduciary relationship and duty of loyalty, and negligent

misrepresentation.  The gist of these claims is that PRMS and its employees, Defendants Santana

and Krupowicz (collectively, the "Broker Defendants"), misled Plaintiff about the coverage

provided under his policy with Great Northern and failed to procure appropriate coverage.[2]

After PRMS removed the action to the United States District Court for the Southern District of

New York, it was transferred to this District and subsequently consolidated into this lawsuit.

Ten motions are now pending in this matter: three motions for summary judgment, four

motions to exclude, one objection to a discovery order, one motion to supplement, and one

motion to strike.  This Order addresses each of them and directs that the case be closed.

## I.    BACKGROUND

Plaintiff insured his luxury residential property in Beaver Creek, Colorado, under a policy

issued by Great Northern.  On December 24, 2019, a sprinkler head inside the four-level

residence released hundreds of gallons of liquid that caused significant damage to the property.

Plaintiff's claim was largely resolved pursuant to a limited mutual release agreement.  However,

that agreement did not fully resolve Plaintiff's claims for extra living expenses ("ELE")

coverage, fair rental value ("FRV") coverage, and damage to his theatre and home automation

systems ("THAS").  The claims in this lawsuit are premised solely on these coverages.  (*See* ECF

No. 225 at 4.)

---

[2] The Amended Complaint in this action asserts claims against Defendants Santana and Krupowicz for negligence, breach of fiduciary relationship and duty of loyalty, and negligent misrepresentation.

Plaintiff contends that his policy provides for $2,069,100 in additional living expenses ("ALE") coverage, which includes both the ELE and FRV coverages. (ECF No. 31, ¶ 125.) The ALE provision of the policy provides, in pertinent part, as follows:

> As described below, under certain conditions when your house or other permanent structure cannot be lived in during your usual vacation occupancy because of a covered loss to your house or other permanent structure or, if applicable, its contents, we provide coverage for additional living expenses which consists of extra living expenses, loss of fair rental value, and forced evacuation expenses. The maximum amount we will pay for all additional living expenses combined for each occurrence is 30% of the amount of house coverage as shown in your Coverage Summary for the location at which the loss occurs.

(ECF No. 94, at 24.)

The policy's ELE provision provides:

> If a covered loss makes your house or other permanent structure uninhabitable during your usual vacation occupancy, we cover the reasonable increase in your normal living expenses that is necessary to maintain your household's usual standard of living, including the boarding of domestic animals not primarily owned or kept for business use.

> We will pay for the boarding of your domestic animals displaced from an other permanent structure even when you have not been displaced by the covered loss. We cover these increases for the reasonable amount of time required to restore your house or other permanent structure to a habitable condition, or if you or members of your household permanently relocate, the shortest amount of time required to settle elsewhere. However, if you are newly constructing your house or other permanent structure or constructing additions, alterations, or renovations to your house or other permanent structure at the time of a covered loss, we only cover the increase in your normal living expenses incurred by you for the reasonable amount of time required to restore the house or other permanent structure to the condition it was in prior to the covered loss. We cover these extra living expenses for up to 60 days, even if the policy period ends during that time.

(*Id.* at 24-25.) Plaintiff received $22,451.77 in ELE benefits from Great Northern but argues he is entitled to "maximum" coverage under the policy. (ECF No. 284 at 1; ECF No. 290, ¶ 9.)

And the FRV provision provides:

3

> If a covered loss makes a part of your house or other permanent structure which you usually rent to others uninhabitable, we cover its fair rental value during the period of time it is usually rented for the reasonable amount of time required to restore it to a habitable condition.  We cover fair rental value for up to 15 days, even if the policy period ends during that time.

(ECF No. 94 at 25.)  Great Northern disclaimed FRV coverage on the grounds that Plaintiff failed to demonstrate the property was usually rented to others.  (ECF No. 290, ¶ 13.)

The policy also includes an appraisal provision.  (ECF No. 94 at 48.)  Because Great Northern and Plaintiff could not agree on the amount of coverage available for damage to his THAS, Plaintiff demanded an appraisal in June 2020.  (ECF No. 290, ¶ 20.)  Shortly after the appraisal award was entered in May 2021, Great Northern paid the amount of the award (about $1.2 million) less prior payments for the THAS.  (*Id.* at ¶¶ 21, 23.)

## II.    SUMMARY JUDGMENT

The Court will first address the pending Motions for Summary Judgment, (ECF Nos. 243, 244, 252), which have been fully briefed (ECF Nos. 263, 268, 276, 281, 284, 289).

### A.    Legal Standard

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018).  Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in its favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a

matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000). "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson*, 477 U.S. at 248.

## B.   Plaintiff's Motion

In his Motion, Plaintiff seeks a ruling that the arbitration award entered in this case "conclusively established the amount of loss" related to his THAS and "is binding." (ECF No. 252 at 3.) Great Northern does not dispute this. (ECF No. 268 at 1.) As a general matter, "an appraisal award issued under an insurance policy is binding so long as the appraisers (including the umpire) have performed the duties required of them by the policy." *Andres Trucking Co. v. United Fire & Cas. Co.*, 488 P.3d 425, 433 (Colo. App. 2018). Such an award "may be disregarded only if the award was made without authority or was made as a result of fraud, accident, or mistake." *Id.* at 434. No such allegations are present here. Accordingly, the Court will grant Plaintiff's Motion without belaboring this issue. To the extent Great Northern's Response requests that the Court disregard or strike Plaintiff's "improper attempt to seek untimely admissions for his bad faith claims" (ECF No. 268 at 3), that request is denied for failure to comply with D.C.COLO.LCivR 7.1(d), which requires that "[a] motion shall not be

included in a response or reply to the original motion.  A motion shall be filed as a separate
document."

## C.    Great Northern's Motion

Great Northern contends that it has paid Plaintiff all the benefits owed under the policy
and is entitled to summary judgment on all his claims against it.  The Court agrees Plaintiff has
failed to raise genuine issues of material fact that would preclude granting summary judgment.

### 1.    Breach of Contract Claim

To state a claim for breach of contract under Colorado law, a plaintiff must show (1) the
existence of a contract, (2) performance by the plaintiff or some justification for
nonperformance, (3) failure to perform the contract by the defendant, and (4) resulting damages
to the plaintiff.  *W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992) (en banc).  An
insurance policy is a contract that courts interpret by applying well-settled principles of contract
interpretation, such as, giving the words their plain and ordinary meaning unless contrary intent
is evidenced in the policy, seeking to give effect to all provisions so that none is rendered
meaningless, and being wary of rewriting provisions.  *Rocky Mountain Prestress, LLC v. Liberty
Mut. Fire Ins. Co.*, 960 F.3d 1255, 1259 (10th Cir. 2020).  Where terms in a contract are
susceptible to more than one reasonable interpretation, they must be construed broadly in favor
of the insured, but that does not mean a court must adopt the insured's view wholesale.  *Id.* at
1259-60.  Rather, any interpretation of ambiguous terms must comport with the policy's
remaining provisions.  *Id.* at 1260.

a.    *ELE coverage*

Great Northern argues that Plaintiff has not submitted documentation demonstrating he incurred any further increase in ELE beyond what has been reimbursed. (*See* ECF No. 243 at 7.) In response, Plaintiff cites a letter from Great Northern stating that it had already paid ELE benefits for seven nights at the Ritz-Carlon, leaving fifty-three days of ELE benefits remaining. (ECF No. 286-6 at 3.) The letter further states that Great Northern would approve additional rental payments (totaling more than $1.1 million) upon Plaintiff's submission of verification that he had incurred additional rental costs. (*Id.*) However, nowhere does Plaintiff identify any evidence that he incurred such costs or submitted appropriate verification, much less support his claim that "he has sustained ELE and FRV economic damages well in excess of four million dollars." (ECF No. 284 at 5.) Instead, his Response merely lists various requests he made for ELE hotel and housing accommodations that Great Northern purportedly denied. (*See id.* at 6-7.) But Plaintiff fails to present evidence supporting his contention that these requests were improperly denied. *See KAT Constr. Mgmt. LLC v. Safeco Ins. Co. of Am.*, No. 19-cv-02981-RM-KLM, 2022 WL 136905, at *4 (D. Colo. Jan. 14, 2022) (concluding the insurer's obligation under a similar provision "was to pay no more than the financial liability actually experienced" by the insured). Where, as here, the party moving for summary judgment does not bear the ultimate burden of persuasion at trial, it can meet its initial burden by pointing out the lack of evidence on an essential element of the nonmoving party's claim. *Adams v. Am Guar. & Liab. Ins. Co.*, 233 F.3d 1242, 1246 (10th Cir. 2000). At that point, the burden shifts to the nonmoving party to identify sufficient evidence that is pertinent to the material issue by reference to an

affidavit, deposition transcript, or specific exhibit. *Id.* Plaintiff has failed to meet his burden to show a genuine issue for trial as to ELE coverage.

Plaintiff's Response also addresses the issue of whether the policy provides more than sixty days of ELE coverage under the circumstances of this case. However, in the absence of any showing that Plaintiff is entitled to any ELE benefits beyond what he received, the Court finds this issue is not yet ripe. In short, adopting Plaintiff's proposed interpretation of the sixty-day provision of the policy would not change the outcome as the matter now stands.

      b.   *FRV coverage*

With respect to FRV coverage, Great Northern contends there is no evidence Plaintiff rented the property after January 3, 2016, and therefore he failed to meet the policy's requirement that he "usually rent to others." (ECF No. 94 at 25.) In his Response, Plaintiff asserts that because he has rented the property in the past and the phrase "usually rent to others" is not defined in the policy, whether he is entitled to additional FRV benefits is a question for the jury. (ECF No. 284 at 17.) But under the circumstances presented, the Court does not find the plain and ordinary meaning of the phrase "usually rent to others" contemplates coverage where the prior rentals occurred four or more years ago and have not happened since. Plaintiff's proposed interpretation would fail to give effect to the word "usually" and seemingly provide coverage if the property had ever been rented. Plaintiff has identified nothing in the policy evidencing the parties' intent to provide such extensive coverage, and so the Court declines to construe the FRV provision in the manner he proposes.

Nor do Plaintiff's allegations about his intent to rent the property or others' inquiries about the possibility of renting the property fit within the concept of "usually rent[ing] to others."

Again, applying the plain and ordinary meaning of the words in the FRV provision, one does not "usually" perform acts merely by intending to perform them or by fielding inquiries about the possibility they might be performed in the future. At the time of the covered loss, Plaintiff simply was not normally or habitually renting the property. *See New Oxford American Dictionary* (3d ed. 2010) (defining "usually" to mean "under normal conditions"). Thus, the Court finds Plaintiff has failed to establish the existence of a genuine issue of material fact based on Great Northern's refusal to provide FRV coverage.

c.     *THAS damage*

Based on Plaintiff's Response and other circumstances of this case, it is not clear that Plaintiff intends to pursue a breach of contract claim related to coverage for his THAS. The Response mentions THAS coverage only in relation to Plaintiff's bad faith claims. (*See* ECF No. 284 at 1-2.) Moreover, in its Response to Plaintiff's Motion for Partial Summary Judgment, Great Northern asserts that Plaintiff concedes that his breach of contract claim is limited to alleged coverage for ELE and FRV (ECF No. 268 at 2 n.1), and Plaintiff fails to address that assertion in his Reply. In addition, with the Court's granting of Plaintiff's Motion for Partial Summary Judgment, the amount of loss related to Plaintiff's THAS has been conclusively established. And there is no dispute that Plaintiff has been paid in full the amount of the appraisal award. Neither the appraisal award nor Great Northern's payment establishes that any payment was owed sooner. Therefore, the Court discerns no viable claim for breach of contract premised on coverage for Plaintiff's THAS.

2.     Bad Faith Claims

To prevail on his common law bad faith claim, Plaintiff must establish that Great

9

Northern acted unreasonably and knew or recklessly disregarded the unreasonableness of its conduct. *See Sandoval v. Unum Life Ins. Co. of Am.*, 952 F.3d 1233, 1236 (10th Cir. 2020). To prevail on his statutory bad faith claim, Plaintiff must establish that Great Northern delayed or denied payment of a covered benefit without a reasonable basis. *See* Colo. Rev. Stat. § 10-3-1115(1)(a). Great Northern contends that both Plaintiff's bad faith claims fail because its claim handling and coverage positions were reasonable under the circumstances. (*See* ECF No. 243 at 12.) The Court finds that the absence of evidence that Great Northern acted unreasonably is fatal to both of these claims.

With respect to Plaintiff's claims for ELE and FRV coverage, the mere fact that Plaintiff disagrees with Great Northern's coverage decisions is insufficient to give rise to a bad faith claim. *See Yale Condos. Homeowner's Assoc., Inc. v. Am Fam. Mut. Ins. Co.*, No. 19-cv-02477-KMT, 2021 WL 1222518, at *7 (D. Colo. Apr. 1, 2021) ("Unreasonable conduct cannot be established by virtue of a mere disagreement of value between the insured and insurer . . . ."). Plaintiff has not identified evidence in the record showing that he actually incurred an increase in the normal living expenses that was necessary to maintain his household's usual standard of living. Because Plaintiff has failed to establish that he was entitled to additional ELE benefits, he has not shown that Great Northern's failure to pay additional ELE benefits was unreasonable.

Further, to the extent Plaintiff disagrees with Great Northern's position that he failed to demonstrate he usually rented the property to others, he has not shown that its interpretation of the FRV provision is unreasonable. Although Plaintiff implies that further investigation by Great Northern would have shown he was entitled to FRV coverage, he fails to provide any material information that Great Northern did not have or to refute the fact that the property had not

10

actually been rented for nearly four years preceding the insured event. Therefore, Plaintiff has identified no evidence that further investigation by Great Northern would have made any difference or that whatever investigation it did perform was inadequate.

Plaintiff also appears to assert that Great Northern's alleged failure to timely inform him about the sixty-day limitation on FRV coverage constitutes unreasonable conduct. (*See* ECF No. 284 at 16-17.) However, the Court has already determined that Plaintiff has not shown Great Northern was required to provide any additional ELE benefits—regardless of whether the sixty-day limitation applies to the circumstances of this case. Accordingly, the Court finds he has not shown that Great Northern acted unreasonably by not informing him about the limitation sooner than it did.

With respect to Plaintiff's claim for additional coverage related to the THAS, he contends that Great Northern's entire course of conduct is relevant but fails to identify any specific conduct that forms the basis of his bad faith claims. (*See* ECF No. 284 at 17-18.) Conclusory allegations of unreasonable conduct are insufficient to survive summary judgment. *See Int'l Surplus Lines Ins. Co. v. Wyo. Coal Refin. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995). Moreover, Great Northern duty to negotiate as a reflection of good faith was suspended once Plaintiff demanded appraisal. *See Sanderson v. Am. Fam. Mut. Ins. Co.*, 251 P.3d 1213, 1217 (Colo. App. 2010). The fact that the parties disagreed about the value of Plaintiff's THAS does not mean that Great Northern's assessment was unreasonable. *See id.* at 1221.

In the absence of any evidence of unreasonable conduct by Great Northern, Plaintiff's bad faith claims fail as a matter of law.

3.     <u>Misrepresentation Claims</u>

To state a claim for fraudulent misrepresentation under Colorado law, a plaintiff must allege (1) a knowing misrepresentation of material fact; (2) reliance on the material misrepresentation; (3) the right or justification in relying on the misrepresentation; and (4) reliance resulting in damages.  *See Clark v. Green Tree Servicing LLC*, 69 F. Supp. 3d 1203, 1223 (D. Colo. 2014).  To state a claim for negligent misrepresentation, he must plausibly allege that

> (1) one in the course of his or her business, profession or employment; (2) makes a misrepresentation of a material fact, without reasonable care; (3) for the guidance of others in their business transactions; (4) with knowledge that his or her representations will be relied upon by the injured party; and (5) the injured party justifiably relied on the misrepresentation to his or her detriment.

*Allen v. Steele*, 252 P.3d 476, 482 (Colo. 2011) (en banc).

In its Motion, Great Northern argues that Plaintiff fails to identify the false information and false statements that support his fraudulent and negligent misrepresentation claims.  (ECF No. 243 at 17-18.)  In his Response, Plaintiff persists in arguing that he "does in fact identify the false information and false statements upon which he relied" (ECF No. 284 at 19 n.31, n.33), yet the paragraphs in the Amended Complaint he cites are devoid of any allegations identifying any specific misrepresentations.  (*See* ECF No. 31, ¶¶ 324-45.)  Further, Plaintiff does not set forth the other elements necessary to establish either type of claim, much less show how evidence in the record establishes the existence of a genuine issue as to whether such elements are satisfied.  Thus, the Court finds Great Norther is entitled to summary judgment on these claims as well.

4.     CCPA Claim

To state a claim under the Colorado Consumer Protection Act ("CCPA"), a plaintiff must

show

> (1) that the defendant engaged in an unfair or deceptive trade practice; (2) that the
> challenged practice occurred in the course of defendant's business, vocation, or
> occupation; (3) that it significantly impacts the public as actual or potential
> consumers of the defendant's goods, services, or property; (4) that the plaintiff
> suffered injury in fact to a legally protected interest; and (5) that the challenged
> practice caused the plaintiff's injury.

*Rhino Linings USA, Inc. v. Rocky Mountain Rhino Lining, Inc.*, 62 P.3d 142, 146-47 (Colo.

2003) (en banc).  Regarding the third element, Great Northern argues that "this private insurance

dispute does not impact the public as required to state a CCPA claim."  (ECF No. 243 at 19.)

Plaintiff does not meaningfully address this deficiency, arguing in response that he "should be

able to put before a jury that the facts establish the requisite 'public impact' needed to state a

claim under the CCPA" (ECF No. 284 at 20) while providing no evidence demonstrating the

existence of a genuine dispute of material fact as to the public impact of this case.  A more

substantial showing is required to survive summary judgment; therefore, the Court finds Great

Northern is entitled to summary judgment on Plaintiff's CCPA claim as well.

In sum, Plaintiff has failed to adduce necessary evidence in support of each of his claims

against Great Northern, and the Court finds that entry of summary judgment in its favor is

appropriate.

**D.     Broker Defendants' Motion**

The Broker Defendants contend they are entitled to dismissal of the claims against them

which are all premised on their role in assisting Plaintiff with procuring the policy at issue.

Because the Court accepts the Broker Defendants' argument that Plaintiff cannot prove

causation, it need not reach the issue of whether his disclosed expert, an insurance broker, is qualified to provide evidence in support of his claims for negligence, breach of fiduciary duty, and negligent misrepresentation.

As noted above, Plaintiff and Great Northern resolved much of his claim with a limited mutual release agreement. In addition, the Court has already concluded that Plaintiff has not shown he is entitled to additional ELE or FRV benefits under the policy. Further, Plaintiff has not shown he is entitled to any benefits that exceed the policy limits. Thus, Plaintiff cannot demonstrate that any negligence by the Broker Defendants caused him damages. Put differently, because Plaintiff did not exhaust the coverage limits under the policy he had, the possibility that he could have obtained more coverage (even unlimited coverage) is insufficient to raise a genuine issue that he incurred damages that were caused by the Broker Defendants.

Citing *Gibbons v. Ludlow*, 304 P.3d 239, 245 (Colo. 2013), the Broker Defendants argue that under Colorado law a claim for professional negligence against a real estate broker, like a claim for professional malpractice, requires that "a plaintiff must show that, but for the alleged negligent acts of the broker, he either: (1) would have been able to obtain a better deal in the underlying transaction; or (2) would have been better off by walking away from the underlying transaction." Extending that framework by analogy to the circumstances here, the Broker Defendants argue that "Plaintiff has to prove he would have received additional insurance proceeds but for [their] negligence" and that he cannot do so. (ECF No. 244 at 11.)

In his Response, Plaintiff does not discuss *Gibbons* or dispute that he must show he would have received additional benefits to establish causation. (*See* ECF No. 263 at 19-20.) Instead, he asserts that the Broker Defendants placed him in a policy with "incorrect coverage

limits" instead of the unlimited ELE and FRV coverages he allegedly requested. (*Id.*)  But in the absence of evidence that he was entitled to additional ELE and FRV benefits, his speculation about other benefits to which he might have been entitled had he been insured under a different policy is insufficient to present a genuine issue of material fact.  He has failed to adduce evidence that he would have been in a better position had the Broker Defendants obtained additional ELE and FRV coverage.  Nor has he shown that he was precluded from obtaining additional benefits because he had a "Vacation Home Policy" as opposed to some other type of policy he might have obtained.  (*Id.*)

Therefore, the Court finds Plaintiff has also failed to adduce necessary evidence in support of his claims against the Broker Defendants, and they are also entitled to summary judgment.

## III.     OTHER MOTIONS

Having resolved the summary judgment motions, the Court now briefly addresses the six other motions that are pending.

### A.     Motions to Exclude

Great Northern has moved to exclude the proffered expert opinions and testimony of S. Robert Landow, arguing that he improperly attempts to usurp this Court's role by instructing the jury on legal standards, improperly attempts to usurp the jury's fact-finding function, and fails to articulate prevailing industry standards.  (ECF No. 224.)  In light of the Court's determination that Great Northern is entitled to summary judgment on all Plaintiff's claims, the Court finds this Motion is moot.

Plaintiff has moved to exclude the proffered expert opinions and testimony of Great

Northern's expert, Kearson M. Strong, arguing that her testimony pertaining to claims resolved

by the limited mutual release agreement should not be admitted.  (ECF No. 225.)  Because the

Court has already determined that Great Northern is entitled to summary judgment, this Motion,

too, is now moot.

Plaintiff has also moved to exclude the proffered expert opinions and testimony of Matt

A. Coleman because he is not licensed in New York to provide property insurance.  (ECF No.

226.)  Because the Broker Defendants have prevailed on their Motion for Summary Judgment,

the Court also denies this Motion as moot.

The Broker Defendants have moved to exclude the expert testimony of William Curtis.

(ECF No. 228.)  As discussed above, the Court resolved the Broker Defendants' Motion for

Summary Judgment without needing to rule on the admissibility of Mr. Curtis's testimony.

Accordingly, the Motion is moot.

B.      Plaintiff's Objection

Plaintiff has filed an Objection (ECF No. 259) to the magistrate judge's February 27,

2023, Order (ECF No. 242) addressing several discovery disputes.  Plaintiff seeks to have the

Order vacated to the extent that he be allowed to dispose two witnesses.

This Court can modify or set aside a magistrate judge's order on a nondispositive matter

only if it is clearly erroneous or contrary to law.  28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a);

*Hutchinson v. Pfeil*, 105 F.3d 562, 566 (10th Cir. 1997).  The Court must have "a definite and

firm conviction that a mistake has been committed."  *Ocelot Oil Corp. v. Sparrow Indus.*,

847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

16

Here, with respect to the first witness, Plaintiff was granted leave to serve a single interrogatory regarding a February 2020 conversation in which the witness participated. (*See* ECF No. 242 at 2.)  However, the interrogatory Plaintiff tendered sought substantive answers about policy definitions and did not inquire about the witness's recollection of the February 2020 conversation.  (*Id.*)  The magistrate judge denied Plaintiff's request to compel the witness to respond to the interrogatory and deemed the witness to have adopted a statement to the effect that he recalled, generally, that the conversation dealt with FRV coverage under the policy but did not have any specific recollection about what was discussed.  (*Id.*)

Plaintiff has not shown that the magistrate judge's Order is clearly erroneous or contrary to law.  Nor has he presented a scenario that leaves the Court with a firm conviction that a mistake has been committed.  Further, the Court has already determined that the phrase "usually rent to others" as used in the FRV provision of the policy bars Plaintiff's claim for FRV benefits and that Great Northern's interpretation of the provision was not unreasonable.  Although the magistrate judge could not have foreseen these determinations when the ruling was made, they lend further support to the Court's perception that the magistrate judge's Order did not unfairly or improperly limit Plaintiff's ability to conduct discovery in this case.

With respect to the second witness, Plaintiff seeks additional information regarding the handling of his claim for coverage related to the THAS.  The magistrate judge found that the witness had fully answered the interrogatory posed to him and stated that "[t]he fact that [Plaintiff] disbelieves that answer is not a basis for further relief."  (ECF No 242 at 3.)  The magistrate judge further found that Plaintiff had failed to articulate good cause for amending the scheduling order to extend the discovery period, which had by then closed.  (*Id.*)

Again, Plaintiff has not shown that the magistrate judge's Order is clearly erroneous or contrary to law or that a mistake was committed. The fact that the parties disagreed about the value of Plaintiff's THAS until the appraisal award was issued is not disputed. Given that Great Northern's obligation to negotiate was suspended during the appraisal process, Plaintiff has not shown how this witness's purported involvement settlement negotiations during that time is relevant. Nor has he shown that any such involvement was substantive. Moreover, Plaintiff has not explained adequately why he could not have deposed the witness before the discovery period ended. Under the circumstances, the Court discerns no error with respect to the magistrate judge's handling of this issue.

Accordingly, the Court finds Plaintiff's Objections to magistrate judge's February 27, 2023, Order lack merit, and they are overruled.

### C.    Plaintiff's Motion to Supplement

Plaintiff has also filed an "Additional Objection" (ECF No. 260), requesting that certain exhibits pertaining to his previous Objection be included in the record. The Court construes this as a Motion to Supplement. Defendants did not object to the request, and the Court discerns no basis for denying it. Therefore, the Motion is granted.

### D.    Great Northern's Motion to Strike

Great Northern has also filed a Motion to Strike (ECF No. 270), seeking to strike Plaintiff's Amended Statement of Undisputed Facts (ECF No. 253) for failure to comply with this Court's Civil Practice Standard IV.C.2.c.2, D.C.COLO.LCivR 56.1(c), and the Court's Scheduling Order. The Amended Statement pertains to Plaintiff's Amended Motion for Partial Summary Judgment (ECF No. 252), which Defendants did not oppose, and the Court has already

18

concluded should be granted. In light of the procedural posture of this case, the Court finds this Motion is now moot.

## IV.    CONCLUSION

For the reasons above, the Court ORDERS:

(1)     the Motions for Summary Judgment (ECF Nos. 243, 244, 252) are GRANTED;

(2)     the Motions to Exclude (ECF Nos. 224, 225, 226, 228) are DENIED AS MOOT;

(3)     Plaintiff's Objection (ECF No. 259) is OVERRULED;

(4)     Plaintiff's Motion to Supplement (ECF No. 260) is GRANTED; and

(5)     Great Northern's Motion to Strike (ECF No. 270) is DENIED AS MOOT.

No claims remain, and therefore the Clerk is directed to CLOSE this case.

DATED this 15th day of August, 2023.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge

ALLMTN,APPEAL,JD3,LEAD,TERMED

## U.S. District Court – District of Colorado
### District of Colorado (Denver)
### CIVIL DOCKET FOR CASE #: 1:20–cv–03616–RM–NRN

Krum v. Chubb Limited et al
Assigned to: Judge Raymond P. Moore
Referred to: Magistrate Judge N. Reid Neureiter
Demand: $1,132,000
Cause: 28:1332 Diversity–Insurance Contract

Date Filed: 12/09/2020
Date Terminated: 08/15/2023
Jury Demand: Both
Nature of Suit: 110 Insurance
Jurisdiction: Federal Question

**Consol Defendant**

| | | |
|---|---|---|
| **Personal Risk Management Solutions, LLC** | represented by | **John M. Palmeri** |
| | | Gordon Rees Scully Mansukhani LLP |
| | | 555 17th Street |
| | | Suite 3400 |
| | | Denver, CO 80202 |
| | | 303 534–5145 |
| | | Fax: 303 534–5160 |
| | | Email: jpalmeri@grsm.com |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |

**Paul W. Jordan , Jr.**
Gordon Rees Scully Mansukhani LLP
555 17th Street
Suite 3400
Denver, CO 80202
303–292–2900
Email: daniella.silva@moyewhite.com
*TERMINATED: 06/30/2022*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Abigail H Kregor**
Gordon Rees Scully Mansukhani LLP
555 17th Street
Suite 3400
Denver, CO 80202
303–200–6842
Email: akregor@grsm.com
*ATTORNEY TO BE NOTICED*

**Margaret Louise Boehmer**
Gordon & Rees LLP
555 17th Street
Suite 3400
Denver, CO 80202
303–200–6850
Email: mboehmer@grsm.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **Mark Jay Krum** | represented by | **Mark Jay Krum** |
| *[Pro Se E–filer, Effective 12/10/2020]* | | 500 E 83rd St |
| | | Suite 8K |
| | | New York, NY 10028 |
| | | 215–605–8200 / 2123712300 |
| | | Email: markjaykrum@aol.com |
| | | PRO SE |

V.

**Defendant**

| | | |
|---|---|---|
| **Chubb Limited** | represented by | **Amy M. Samberg**<br>Clyde & Co. US LLP<br>400 East Van Buren Street<br>Suite 440<br>Phoenix, AZ 85004<br>480–746–4580<br>Email: Amy.Samberg@clydeco.us<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Chubb Group Holdings, Inc.**<br>*TERMINATED: 02/10/2022* | represented by | **Amy M. Samberg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Kevin Scott Hoskins**<br>Kevin Scott Hoskins, Attorney at Law<br>5871 Chester Way<br>Denver, CO 80238<br>918–344–2287<br>Email: Kevin.Hoskins@clydeco.us<br>*TERMINATED: 06/25/2022*<br>*ATTORNEY TO BE NOTICED*<br><br>**Tamara C. Jordan**<br>Clyde & Co. US LLP<br>1550 Larimer Street<br>Suite 500<br>Denver, CO 80202<br>720–479–2511<br>Email: TJordan@wshblaw.com<br>*TERMINATED: 02/18/2022*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Chubb INA Holdings, Inc**<br>*TERMINATED: 02/10/2022* | represented by | **Amy M. Samberg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Kevin Scott Hoskins**<br>(See above for address)<br>*TERMINATED: 06/25/2022*<br>*ATTORNEY TO BE NOTICED*<br><br>**Tamara C. Jordan**<br>(See above for address)<br>*TERMINATED: 02/18/2022*<br>*ATTORNEY TO BE NOTICED* |

**Defendant**

| | | |
|---|---|---|
| **Federal Insurance Company**<br>*TERMINATED: 02/10/2022* | represented by | **Amy M. Samberg**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED*<br><br>**Kevin Scott Hoskins**<br>(See above for address)<br>*TERMINATED: 06/25/2022*<br>*ATTORNEY TO BE NOTICED*<br><br>**Tamara C. Jordan** |

(See above for address)
*TERMINATED: 02/18/2022*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Great Northern Insurance Company**           represented by   **Amy M. Samberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Clark Denby**
Clyde & Co.
999 18th Street
Suite 1765n
Denver, CO 80202
303–301–8950
Email: edward.denby@clydeco.us
*ATTORNEY TO BE NOTICED*

**Jonathan Thomas Koehler**
Foran Glennon Palandech Ponzi & Rudloff
PC
700 17th Street
Suite 1350
Denver, CO 80202
720–336–2230
Email: jkoehler@fgppr.com
*TERMINATED: 02/16/2021*

**Justin Scott Hepworth**
Clyde & Co. US LLP
7251 West Lake Mead Boulevard
Suite 430
Las Vegas, NV 89128
725–248–2900
Fax: 725–248–2907
Email: justin.hepworth@clydeco.us
*ATTORNEY TO BE NOTICED*

**Kevin Scott Hoskins**
(See above for address)
*TERMINATED: 06/25/2022*
*ATTORNEY TO BE NOTICED*

**Tamara C. Jordan**
(See above for address)
*TERMINATED: 02/18/2022*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Steven W. Mortensen**           represented by   **Amy M. Samberg**
*TERMINATED: 02/10/2022*                          (See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Thomas Koehler**
(See above for address)
*TERMINATED: 02/16/2021*

**Kevin Scott Hoskins**
(See above for address)
*TERMINATED: 06/25/2022*
*ATTORNEY TO BE NOTICED*

**Tamara C. Jordan**
(See above for address)

*TERMINATED: 02/18/2022*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Matthew Witcher**
*TERMINATED: 02/10/2022*

represented by **Amy M. Samberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Thomas Koehler**
(See above for address)
*TERMINATED: 02/16/2021*

**Kevin Scott Hoskins**
(See above for address)
*TERMINATED: 06/25/2022*
*ATTORNEY TO BE NOTICED*

**Tamara C. Jordan**
(See above for address)
*TERMINATED: 02/18/2022*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Celia Santana**

represented by **Abigail H Kregor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M. Palmeri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Louise Boehmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul W. Jordan , Jr.**
(See above for address)
*TERMINATED: 06/30/2022*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Dale Krupowicz**

represented by **Abigail H Kregor**
(See above for address)
*ATTORNEY TO BE NOTICED*

**John M. Palmeri**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Margaret Louise Boehmer**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Paul W. Jordan , Jr.**
(See above for address)
*TERMINATED: 06/30/2022*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Great Northern Insurance Company**

represented by **Amy M. Samberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Edward Clark Denby**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan Thomas Koehler**
(See above for address)
*TERMINATED: 02/16/2021*

**Justin Scott Hepworth**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin Scott Hoskins**
(See above for address)
*TERMINATED: 06/25/2022*
*ATTORNEY TO BE NOTICED*

**Tamara C. Jordan**
(See above for address)
*TERMINATED: 02/18/2022*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Mark Jay Krum**
*[Pro Se E−filer, Effective 12/10/2020]*

| Date Filed | # | Docket Text |
|---|---|---|
| 08/21/2023 | 294 | NOTICE OF APPEAL as to 293 Clerk's Judgment, 292 Order on Motion to Exclude,,,,,,,,,,,,,,,,,,,,,, Order on Motion for Summary Judgment,,,,,,,,,,,,, Order on Motion for Partial Summary Judgment,,,,,, Order on Appeal of Magistrate Judge Decision to District Court,,,,,,,,,,,, Order on Motion to Strike,,,,,, *Notice of Appeal ECF Docs. 292 and 293* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 08/21/2023) |
| 08/15/2023 | 293 | FINAL JUDGMENT by Clerk on 8/15/2023 in favor of Chubb Limited, Great Northern Insurance Company, Personal Risk Management Solutions, LLC, Celia Santana, Dale Krupowicz against Mark Jay Krum pursuant to 292 Order entered by Judge Raymond P. Moore on 8/15/2023. (rkeec) (Entered: 08/15/2023) |
| 08/15/2023 | 292 | ORDER Denying as moot 224 Motion to Exclude. Denying as moot 225 Motion to Exclude. Denying as moot 226 Motion to Exclude. Denying as moot 228 Motion to Exclude. Granting 243 Motion for Summary Judgment. Granting 244 Motion for Summary Judgment. Granting 252 Motion for Partial Summary Judgment; Overruling 259 APPEAL OF MAGISTRATE JUDGE DECISION to District Court. Granting 260 APPEAL OF MAGISTRATE JUDGE DECISION to District Court. Denying as moot 270 Motion to Strike 224 MOTION to Exclude *Testimony of Plaintiffs Expert S. Robert Landow*, 225 MOTION to Exclude *Defendant GNIC's Expert Witness Strong*, 226 MOTION to Exclude *Broker Defendants' Expert Coleman*, 228 Amended MOTION to Exclude *Expert Testimony of William Curtis*, 243 MOTION for Summary Judgment *and Brief in Support*, 244 MOTION for Summary Judgment , 252 Partial MOTION for Partial Summary Judgment *Plaintiff's Amended Motion For Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the THAS Loss*, 259 OBJECTION/Appeal of Magistrate Judge Decision to District Court re 242 Order *and ECF Doc. 242−1* by Plaintiff Mark Jay Krum, 260 OBJECTION/Appeal of Magistrate Judge Decision to District Court *ECF Doc. 242 and ECF Doc. 242−1 (Additional Objection Exhibits For Brief at ECF Doc. 259 and to be included with ECF Docs. 259−1 through 259−6)* by Plaintiff Mark Jay Krum, 270 MOTION to Strike 253 Statement, . No claims remain, and therefore the Clerk is directed to CLOSE this case. SO ORDERED by Judge Raymond P. Moore on 8/15/2023.(rkeec) (Entered: 08/15/2023) |
| 05/26/2023 | 291 | STIPULATION re 287 Notice (Other),, 285 Statement,,,,,,, 284 Brief in Opposition to Motion, 286 Statement,,,,,,,, 288 Reply to Response to Motion, *Stipulation By GNIC and Plaintiff Regarding DKT. NOS. 284, 285, 286, 287 and 288* by Plaintiff Mark Jay Krum. (Krum, Mark) |

| | | (Entered: 05/26/2023) |
|---|---|---|
| 05/03/2023 | 290 | REPLY to 245 Statement,,,,,, *and Supporting Evidence* by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Samberg, Amy) (Entered: 05/03/2023) |
| 05/03/2023 | 289 | REPLY to Response to 243 MOTION for Summary Judgment *and Brief in Support* filed by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Samberg, Amy) (Entered: 05/03/2023) |
| 05/03/2023 | 288 | REPLY to Response to 270 MOTION to Strike 253 Statement,,,,,,, filed by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit Exhibit A)(Samberg, Amy) (Entered: 05/03/2023) |
| 05/02/2023 | 287 | NOTICE re 285 Statement,,,,,,, 284 Brief in Opposition to Motion, 286 Statement,,,,,,,, *Notice of Filing of Plaintiff the Opposing Party's OSUMF Exhibits 37, 44, 60 and 63 in Support of Plaintiff's Opposition to Defendant GNIC Motion for Summary Judgment* by Plaintiff Mark Jay Krum (Attachments: # 1 Exhibit OSUMF Exhibit No. 37 (Luxury Home Rentals LLC Agreement), # 2 Exhibit OSUMF Exhibit No. 44 (Contents Conulsting Reports Parts A & B – Plaintiff's Deposition Exhibit Nos. 25A and 25B), # 3 Exhibit OSUMF Exhibit No. 60 (Photos of BC Property Taken On Nov. 30, 2022), # 4 Exhibit OSUMF Exhibit No. 63 (Map Of Distance Between Beaver Creek and Aspen)(Krum, Mark) (Entered: 05/02/2023) |
| 04/19/2023 | 286 | STATEMENT *re* 284 Brief in Opposition to Motion, *Plaintiff The Opposing Party's Response And Separate Statement [Number Two] of Undisputed Material Facts ("OSUMF") And Supporting Evidence* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit OSUMF Exhibit No. 22 – Krum Email of Feb. 23, 2020 (50 Day Ritz–Carlton Denial), # 2 Exhibit OSUMF Exhibit No. 23– Continued Pattern of Denials and Delays, # 3 Exhibit OSUMF Exhibit No. 24 – Continued Delays, # 4 Exhibit OSUMF Exhibit No. 25 – Continued Delays, # 5 Exhibit OSUMF Exhibit No. 26 – Continued Delay, # 6 Exhibit OSUMF Exhibit No. 29 – Magnotta Nov. 17, 2021 Correspondence, # 7 Exhibit OSUMF Exhibit No. 31 – ROR Response, # 8 Exhibit OSUMF Exhibit No. 38 – Low Voltage Not Included, # 9 Exhibit OSUMF Exhibit No. 39 – Knowledge of $250k Not Included in Loss Assessment, # 10 Exhibit OSUMF Exhibit No. 45 –Limited Mutual Release, # 11 Exhibit OSUMF Exhibit No. 47 – Ohde Jan. 7 2020 Declaration, # 12 Exhibit OSUMF Exhibit No. 50 – Whitney Aug. 14, 2022 Declaration, # 13 Exhibit OSUMF Exhibit No. 51 – Landow Expert Report, # 14 Exhibit OSUMF Exhibit No. 55 – Curtis Expert Report, # 15 Exhibit OSUMF Exhibit No. 57 –Pavluk March 6, 2023 Declaration, # 16 Exhibit OSUMF Exhibit No. 62 – Ohde Jan. 25, 2020 Declaration, # 17 Exhibit OSUMF Exhibit No. 32 – Krum Deposition Testimony, # 18 Exhibit OSUMF Exhibit No. 30 – Magnotta Nov. 2021 Emails, # 19 Exhibit OSUMF Exhibit No. 28 – "Usual Vacation Occupancy" Acknowledged By Chubb, # 20 Exhibit OSUMF Exhibit No. 40 – JS Held Report April 15, 2020, # 21 Exhibit OSUMF Exhibit No. 41 – JS Held Report April 16, 2020, # 22 Exhibit OSUMF Exhibit No. 42 – JS Held April 2020 Spreadsheet, # 23 Exhibit OSUMF Exhibit No. 43 – Envista Report June 8, 2020, # 24 Exhibit OSUMF Exhibit No. 64 (Part I) – Defense Inspection Photos, # 25 Exhibit OSUMF Exhibit No. 64 (Part II) – Defense Inspection Photos, # 26 Exhibit OSUMF Exhibit No. 66 – Pierce March 6, 2023 Declaration, # 27 Exhibit OSUMF Exhibit No. 67 – Hajjam Email April 29, 2020)(Krum, Mark) (Entered: 04/20/2023) |
| 04/19/2023 | 285 | STATEMENT re 284 Brief in Opposition to Motion, *Plaintiff The Opposing Party's Response And Separate Statement [Number One] of Undisputed Material Facts ("OSUMF") And Supporting Evidence* by Plaintiff Mark Jay Krum. (Attachments: # 1 Continuation of Main Document Plaintiff's Certificate Of Service For OSUMF And Exhibits, # 2 Exhibit OSUMF Exhibit No. 1 – Le Transcript, # 3 Exhibit OSUMF Exhibit No. 3 – SOL, # 4 Exhibit OSUMF Exhibit No. 4 – Policy, # 5 Exhibit OSUMF Exhibit No. 6 – Transition Words, # 6 Exhibit OSUMF Exhibit No. 7 – Use of the Word "THESE", # 7 Exhibit OSUMF Exhibit No. 2 – Witcher Transcript, # 8 Exhibit OSUMF Exhibit No. 5 – Krupowicz Transcript, # 9 Exhibit OSUMF Exhibit No. 11 – Le Email of Jan. 2, 2020, # 10 Exhibit OSUMF Exhibit No. 12 – Magnotta Transcript, # 11 Exhibit OSUMF Exhibit No. 8 –Everett Transcript, # 12 Exhibit OSUMF Exhibit No. 13 – Photos Pre Insured Event After Renovation, # 13 Exhibit OSUMF Exhibit 14 –2012 Chubb Course Of Construction Appraisal, # 14 Exhibit OSUMF Exhibit No. 18 – Le Email of Feb. 10, 2020, # 15 Exhibit OSUMF Exhibit 19 – Krum Email to Chubb Adjuster Mortensen of March 26, 2020, # 16 Exhibit OSUMF Exhibit 20 – Le Email of March 3, 2020, # 17 Exhibit OSUMF Exhibit 21 – Email to Le of December 30, 2019 ("No available rental homes to match the like, kind, and quality of the loss"), # 18 Exhibit OSUMF Exhibit 27 – Le Email to Chubb Adjuster Magnotta on April 23, 2020, # 19 Exhibit OSUMF Exhibit 30 – Magnotta Email of Dec. 3, 2021 ((The entire $1,260,180.00 (for all 53 nights) needs to paid by Chubb upfront), # 20 |

| | | |
|---|---|---|
| | | Exhibit OSUMF Exhibit 33 – 2010 to 2016 BC Property Rentals From Expert Landow Testimony, # 21 Exhibit OSUMF Exhibit 58 – Annual Snow Fall, # 22 Exhibit OSUMF Exhibit 59 – VailDaily 2017–18 Ski Report)(Krum, Mark) (Entered: 04/19/2023) |
| 04/19/2023 | 284 | BRIEF in Opposition to 243 MOTION for Summary Judgment *and Brief in Support Plaintiff's Response Brief Opposition To Defendant Great Northern Insurance Company's Motion for Summary Judgment* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/19/2023) |
| 04/18/2023 | 283 | BRIEF in Opposition to 270 MOTION to Strike 253 Statement,,,,,, *Plaintiff's Response Brief in Opposition To Defendant GNIC Motion to Strike Plaintiff's Amended Statement of Undisputed Facts* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/18/2023) |
| 04/17/2023 | 282 | REPLY to Response to 244 MOTION for Summary Judgment *Broker Defendants' Reply and Supporting Evidence in Support of MSJ* filed by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Exhibit H, # 2 Exhibit I, # 3 Exhibit J, # 4 Exhibit K, # 5 Exhibit L, # 6 Exhibit M, # 7 Exhibit N, # 8 Exhibit O, # 9 Exhibit P, # 10 Exhibit Q, # 11 Exhibit R, # 12 Exhibit S, # 13 Exhibit T, # 14 Exhibit U)(Palmeri, John) (Entered: 04/17/2023) |
| 04/17/2023 | 281 | REPLY to Response to 244 MOTION for Summary Judgment filed by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 04/17/2023) |
| 04/17/2023 | 280 | STATEMENT re 244 MOTION for Summary Judgment *Broker Defendants' Statement of Undisputed Materials Facts (MSUMF) and Supporting Evidence* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Palmeri, John) (Entered: 04/17/2023) |
| 04/13/2023 | 279 | ORDER granting 278 Plaintiff's Unopposed Motion for Extension of Time to File Response in Opposition to ECF Docs. 243, 245 and 246. Plaintiff shall have up to and including April 18, 2023, in which to file his Response. SO ORDERED by Judge Raymond P. Moore on 4/13/2023. (Text Only Entry)(rmsec) (Entered: 04/13/2023) |
| 04/12/2023 | 278 | Second MOTION for Extension of Time to File Response/Reply as to 243 MOTION for Summary Judgment *and Brief in Support Plaintiff's Unopposed Motion For Second Extension Of Time To File Response and Opposition (along with Plaintiff's Separate Statement of Undisputed Material Facts – OSUMF) To Defendant Great Northern's Motion for Summary Judgment* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/12/2023) |
| 04/10/2023 | 277 | STATEMENT re 276 Reply to Response to Motion, *RSUMF* by Plaintiff Mark Jay Krum. (Attachments: # 1 Continuation of Main Document Certificate of Service, # 2 Exhibit Reply Exhibit 28 – JS Held Preliminary Status Report, # 3 Exhibit Reply Exhibit 29 – July 1,, 2020 Email, # 4 Exhibit Reply Exhibit 30 – Chubb Logo, # 5 Exhibit Reply Exhibit 31 – Magnotta Deposition Transcript, # 6 Exhibit Reply Exhibit 32– Rice CV, # 7 Exhibit Reply Exhibit 33 – August 20, 2020 Email, # 8 Exhibit Reply Exhibit 34A – June 15, 2020 Email, # 9 Exhibit Reply Exhibit 34B – June 12, 2020 Email, # 10 Exhibit Reply Exhibit 8 – Kirkpatrick Deposition Transcript, # 11 Exhibit Reply Exhibit 1 – Plaintiff Mark Krum Deposition Transcript)(Krum, Mark) (Entered: 04/11/2023) |
| 04/10/2023 | 276 | REPLY to Response to 252 Partial MOTION for Partial Summary Judgment *Plaintiff's Amended Motion For Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the THAS Loss Plaintiff's Reply In Support of His Motion For Partial SJ Against Defendant GNIC* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/10/2023) |
| 04/10/2023 | 275 | ORDER granting 273 Unopposed Motion for Leave to File Statement of Undisputed Material Facts ("MSUMF"). SO ORDERED by Judge Raymond P. Moore on 4/10/2023. (Text Only Entry)(rmsec) (Entered: 04/10/2023) |
| 04/10/2023 | 274 | ORDER granting 272 Defendants' Motion for Extension of Time to File Reply in Support of Defendants' Motion for Summary Judgment and RSUMF. SO ORDERED by Judge Raymond P. Moore on 4/10/2023. (Text Only Entry)(rmsec) (Entered: 04/10/2023) |
| 04/07/2023 | 273 | Unopposed MOTION for Leave to *File Statement of Undisputed Materials Facts* 244 MOTION for Summary Judgment by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 04/07/2023) |

| 04/07/2023 | 272 | Unopposed MOTION for Extension of Time to File Response/Reply as to 244 MOTION for Summary Judgment by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 04/07/2023) |
| --- | --- | --- |
| 04/03/2023 | 271 | REASSIGNING MAGISTRATE JUDGE. Due to the recent appointment of Magistrate Judge Gordon P. Gallagher as a United States District Judge, this action is randomly reassigned to Magistrate Judge N. Reid Neureiter. All future pleadings should reference Magistrate Judge Neureiter at the end of the civil action number (20–cv–03616–RM–NRN). Unless otherwise ordered, the dates and times for all previously scheduled matters will be maintained and will now be handled by Magistrate Judge Neureiter. (Text only entry) (agarc, ) (Entered: 04/03/2023) |
| 03/28/2023 | 270 | MOTION to Strike 253 Statement,,,,,,, by Defendant Great Northern Insurance Company. (Hepworth, Justin) (Entered: 03/28/2023) |
| 03/28/2023 | 269 | RESPONSE to 253 Statement,,,,,,, by Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F)(Hepworth, Justin) (Entered: 03/28/2023) |
| 03/28/2023 | 268 | RESPONSE to 252 Partial MOTION for Partial Summary Judgment *Plaintiff's Amended Motion For Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the THAS Loss* filed by Defendant Great Northern Insurance Company. (Hepworth, Justin) (Entered: 03/28/2023) |
| 03/28/2023 | 267 | STATEMENT re 263 Brief in Opposition to Motion, 266 Statement,,, 265 Notice (Other), *Plaintiff the Opposing Party's AMENDED Response and AMENDED Separate Statement of Undisputed Material Facts and Supporting Evidence in Opposition to Defendant Brokers Motion for Summary Judgment (ADDITIONAL EXHIBITS TO ECF DOC. 266)* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Ex. 20 – Standard of Care Survey, New York, # 2 Exhibit Ex. 21 – Standard of Care Survey, Colorado, # 3 Exhibit Ex. 22 – PRMS Website Promise, # 4 Exhibit Ex. 23 – PRMS "Specialists", # 5 Exhibit Ex. 24 – PRMS "Boutique Firm", # 6 Exhibit Ex. 25 – PRMS "Peace of Mind" Promise, # 7 Exhibit Ex. 26 – Rental History BC Property (Expert Landow Depo. Exhibits), # 8 Exhibit Ex. 27 – Santana Deposition Transcript, # 9 Exhibit Ex. 28 – Krupowicz Deposition Transcript, # 10 Exhibit Ex. 29 – PRMS Corporate Designee Transcript, # 11 Exhibit Ex. 30 – GNIC Underwriting Corporate Designee Transcript, # 12 Exhibit Ex. 31 – April 15, 2011 Email re Rental Income, # 13 Exhibit Ex. 32 – Feb. 7, 2020 Chubb Supplemental ROR Letter, # 14 Exhibit Ex. 33 – Landow Expert Report, # 15 Exhibit Ex. 34 – March 27, 2023 William P. Curtis Declaration, # 16 Exhibit Ex. 35 – Jan. 7, 2020 Andi Ohde Declaration, # 17 Exhibit Ex. 36 – August 14, 2022 Robert C. Whitney Declaration)(Krum, Mark) (Entered: 03/28/2023) |
| 03/28/2023 | 266 | STATEMENT re 264 Statement by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Ex. 1 – Deposition Transcript of Plaintiff Mark Krum, # 2 Exhibit Ex. 2 – June 16, 2010 Email, # 3 Exhibit Ex. 3 – July 13, 2010 Email, # 4 Exhibit Ex. 5 – July 27, 2011 Email, # 5 Exhibit Ex. 6 – July 29, 2011 Email, # 6 Exhibit Ex. 7 – August 2, 2011 Email, # 7 Exhibit Ex. 8 –August 11, 2011 Email, # 8 Exhibit Ex. 9 – August 12, 2011 Comparison Chart, # 9 Exhibit Ex. 10 – Limited Mutual Release, # 10 Exhibit Ex. 11 – Feb. 2, 2023 Wiliam P. Curtis Declaration, # 11 Exhibit Ex. 12 – Chubb Certified Policy, # 12 Exhibit Ex. 13 – Deposition Testimony of Expert William Curtis, # 13 Exhibit Ex. 14 – NY PRMS Compaint, # 14 Exhibit Ex. 15 – Rental 1 / Dec. 2010, # 15 Exhibit Ex. 16 – Rental 2 / Feb. 2011, # 16 Exhibit Ex. 17 – Rental 3 / Feb. 2011, # 17 Exhibit Ex. 18 – Rental 4 / March 2011, # 18 Exhibit Ex. 19 – Rental 5 / March 2011)(Krum, Mark) (Entered: 03/28/2023) |
| 03/28/2023 | 265 | NOTICE re 264 Statement *Notice of Plaintiff the Opposing Party's Amended Response and Amended Separate Statement of Undisputed Material Facts ("OSUMF") and Supporting Evidence in Opposition to Broker Defendants' Motion for Summary Judgment* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 03/28/2023) |
| 03/27/2023 | 264 | STATEMENT by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 03/28/2023) |
| 03/27/2023 | 263 | BRIEF in Opposition to 244 MOTION for Summary Judgment *Response Brief in Opposition to Broker Defendants' Motion for SJ* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 03/27/2023) |
| 03/20/2023 | 262 | ORDER granting 261 Plaintiff's Unopposed Motion for Extension of Time to File Response and Opposition to Defendant Great Northern Insurance Company's Motion for Summary Judgment. Plaintiff shall have up to and including April 14, 2023, in which to file his response and opposition to Defendant Great Northern Insurance Company's Motion for Summary Judgment. SO ORDERED by Judge Raymond P. Moore on 3/20/2023. (Text Only Entry)(rmsec) (Entered: |

| | | |
|---|---|---|
| | | 03/20/2023) |
| 03/20/2023 | 261 | Unopposed MOTION for Extension of Time to File Response/Reply as to 243 MOTION for Summary Judgment *and Brief in Support and Plaintiff's Extension of Time to File His Separate Statement of Undisputed Material Facts* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 03/20/2023) |
| 03/14/2023 | 260 | OBJECTION/Appeal of Magistrate Judge Decision to District Court *ECF Doc. 242 and ECF Doc. 242–1 (Additional Objection Exhibits For Brief at Ecf Doc. 259 and to be included with ECF Docs. 259–1 through 259–6)* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Objection Exhibit No. 1 – Deposition Transcript (Vol. II) of Mark Jay Krum, # 2 Exhibit Objection Exhibit No. 5 – Deposition Transcript of Corey Everett, # 3 Exhibit Objection Exhibit No. 6 – Deposition Transcript of Matthew Witcher, # 4 Exhibit Objection Exhibit No. 8 – Deposition Transcript of Steven Magnotta, # 5 Exhibit Objection Exhibit No. 9 – Deposition Transcript of Tommy V. Le, # 6 Exhibit Objection Exhibit No. 10 – Deposition Transcript of Steve Mortensen, # 7 Exhibit Objection Exhibit No. 11 –Plaintiff's Expert Report of S. Robert Landow, # 8 Exhibit Objection Exhibit No. 14 – Chubb Organizational Chart (Plaintiff's Depo Exhibit No. 293), # 9 Exhibit Objection Exhibit No. 15 – Chubb Bates_045698, # 10 Exhibit Objection Exhibit No. 16 – Chubb Bates_045697, # 11 Exhibit Objection Exhibit No. 17 – Chubb Bates_045696, # 12 Exhibit Objection Exhibit No. 18 – Chubb Bates_045626–_045627)(Krum, Mark) (Entered: 03/14/2023) |
| 03/13/2023 | 259 | OBJECTION/Appeal of Magistrate Judge Decision to District Court re 242 Order *and ECF Doc. 242–1* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Objection Exhibit No. 2 – Chapin Depo Notice, # 2 Exhibit Objection Exhibit No. 3 – Smith Depo Notice, # 3 Exhibit Objection Exhibit No. 4 – Witcher Depo Notice, # 4 Exhibit Objection Exhibit No. 7 – Chubb Employment Ad for SVP Chief Technical Officer, # 5 Exhibit Objection Exhibit No. 12 – Declaration of Robert C. Whitney, # 6 Exhibit Objection Exhibit No. 13 – Declaration of Michael J. Connolly)(Krum, Mark) (Entered: 03/13/2023) |
| 03/07/2023 | 258 | REPLY to Response to 225 MOTION to Exclude *Defendant GNIC's Expert Witness Strong in whole, or in part* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Reply Exhibit One – Jan. 26, 2023 Email Correspondence Re: 702 Expert Conferral)(Krum, Mark) (Entered: 03/07/2023) |
| 03/07/2023 | 257 | ORDER: In light of Plaintiff's Amended Motion for Partial Summary Judgment 252 , Plaintiff's previously filed Motion for Partial Summary Judgment 247 is DENIED AS MOOT, and its corresponding Separate Statement of Undisputed Material Facts 249 is hereby STRICKEN. SO ORDERED by Judge Raymond P. Moore on 3/7/2023. (Text Only Entry)(rmsec) (Entered: 03/07/2023) |
| 03/07/2023 | 256 | REPLY to Response to 224 MOTION to Exclude *Testimony of Plaintiffs Expert S. Robert Landow* filed by Defendant Great Northern Insurance Company. (Hepworth, Justin) (Entered: 03/07/2023) |
| 03/07/2023 | 255 | REPLY to Response to 228 Amended MOTION to Exclude *Expert Testimony of William Curtis* filed by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 03/07/2023) |
| 03/07/2023 | 254 | NOTICE re 253 Statement,,,,,,, *Plaintiff's Index of Attachments to Corresponding Exhibits* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 03/07/2023) |
| 03/07/2023 | 253 | STATEMENT re 252 Partial MOTION for Partial Summary Judgment *Plaintiff's Amended Motion For Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the THAS Loss (Amendment to ECF Doc. 249)* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Deposition Testimony of Mark Krum, # 2 Exhibit Chubb/Great Northern Insurance Policy, # 3 Exhibit Deposition Testimony of Defendant Santana, # 4 Exhibit Nov. 3, 2020 Limited Mutual Release, # 5 Exhibit March 2023 Declaration of Mike Pavluk, # 6 Exhibit Email Correspondence – Frankentek Jan. 26 Damage Assessment Report, # 7 Exhibit Email Correspondence – Kirkpatrick January 2020 THAS Inspection, # 8 Exhibit Deposition Testimony Tom Kirkpatrick, # 9 Exhibit Email Correspondence and Frankentek Supplemental Damage Assessment Report, # 10 Exhibit Email Correspondence and SimpleTech Report, # 11 Exhibit Email Correspondence – April 3, 2020 Adjuster Le, # 12 Exhibit Email Correspondence – April 17, 2020 THAS Loss Assessment $39,093.22, # 13 Exhibit Email Correspondence – April 24, 2020 Magnotta, # 14 Exhibit Email Correspondence – April 29, 2020 Dr. Hajjam, # 15 Exhibit Email Correspondence – June 12, 2020 THAS Loss Assessment $128,165.00, # 16 Exhibit Email Correspondence – June 17, 2020 THAS Appraisal Demand, # 17 Exhibit Email |

| | | |
|---|---|---|
| | | Correspondence – July 1, 2020 – ECF Doc. 31–7, # 18 Exhibit Email Correspondence – July 8, 2020, # 19 Exhibit ECF Doc. 79 – May 13, 2021 THAS Appraisal Award, # 20 Exhibit ECF Doc. 61 – April 21, 2021 Court Order, # 21 Exhibit ECF Doc. 89 – May 17, 2021 Supplemental THAS Appraisal Award, # 22 Exhibit March 2023 Declaration of Tony Pierce, # 23 Exhibit ECF Doc. 31 – Amended Complaint, # 24 Exhibit Deposition Testimony of Corey Everett, # 25 Exhibit Expert Rebuttal Report of S. Robert Landow)(Krum, Mark) (Entered: 03/07/2023) |
| 03/07/2023 | 252 | Partial MOTION for Partial Summary Judgment *Plaintiff's Amended Motion For Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the THAS Loss* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 03/07/2023) |
| 03/07/2023 | 251 | NOTICE re 249 MOTION for Summary Judgment *Plaintiff's Separate Statement of Undisputed Material Facts RE: Plaintiff's Motion for Partial Summary Judgment Against Defendant Great Northern Insurance Company Pertaining to the Amount and Cause of the Loss< Notice of Plaintiff's Amended Separate Statement of Undisputed Material Facts RE: Amended Motion for Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the Loss by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 03/07/2023)* |
| 03/07/2023 | 250 | NOTICE re 247 First MOTION for Summary Judgment *Partia – Notice of Plaintiff's Amended Motion for Partial Summary Judgment Against Defendant GNIC Regarding the Amount and Cause of the THAS Loss* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 03/07/2023) |
| 03/07/2023 | 249 | **STRICKEN** MOTION for Summary Judgment *Plaintiff's Separate Statement of Undisputed Material Facts RE: Plaintiff's Motion for Partial Summary Judgment Against Defendant Great Northern Insurance Company Pertaining to the Amount and Cause of the Loss* by Plaintiff Mark Jay Krum. (Krum, Mark) Modified on 3/7/2023 (rmsec, ). (Entered: 03/07/2023) |
| 03/07/2023 | 248 | REPLY to Response to 226 MOTION to Exclude *Broker Defendants' Expert Coleman* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Reply Exhibit One)(Krum, Mark) (Entered: 03/07/2023) |
| 03/06/2023 | 247 | First MOTION for Summary Judgment *Partia* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 03/07/2023) |
| 03/06/2023 | 246 | Exhibits in Support of 245 Statement,,,,,, by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit Exhibit U – Dr. Hajjam Report, # 2 Exhibit Exhibit V – Appraisal Demand, # 3 Exhibit Exhibit W – Appraisal Award, # 4 Exhibit Exhibit X – May 21, 2021 Email from Plaintiff, # 5 Exhibit Exhibit Y – Amy M. Samberg Declaration)(Samberg, Amy) (Entered: 03/06/2023) |
| 03/06/2023 | 245 | STATEMENT re 243 MOTION for Summary Judgment *and Brief in Support* by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit Exhibit A – Certified Policy, # 2 Exhibit Exhibit B – December 27, 2019 Letter from Tommy Le, # 3 Exhibit Exhibit C – Financial Records, # 4 Exhibit Exhibit D – March 19, 2020 Mortensen Email, # 5 Exhibit Exhibit E – November 23, 2021 Magnotta Email, # 6 Exhibit Exhibit F – December 3, 2021 Magnotta Email, # 7 Exhibit Exhibit G – Plaintiff's Responses and Objections to Defendant Great Northern Insurance Company's First Set of Written Discovery Requests to Plaintiff, # 8 Exhibit Exhibit H – January 17, 2020 Letter from Tommy Le, # 9 Exhibit Exhibit I – January 19, 2010 Rental Statement, # 10 Exhibit Exhibit J – January 10, 2011 Rental Statement, # 11 Exhibit Exhibit K – January 22, 2011 Rental Agreement, # 12 Exhibit Exhibit L – March 4, 2011 Rental Agreement (Plaintiff's Deposition Ex. 246B, Defendants' Deposition Ex. 1019), # 13 Exhibit Exhibit M – March 4, 2011 Rental Agreement (Plaintiff's Ex. 346C, Defendants' Ex. 1020), # 14 Exhibit Exhibit N – December 4, 2012 Rental Agreement, # 15 Exhibit Exhibit O – January 16, 2013 Rental Agreement, # 16 Exhibit Exhibit P – January 6, 2014 Rental Agreement, # 17 Exhibit Exhibit Q – October 10, 2015 Rental Agreement, # 18 Exhibit Exhibit R – June 10, 2020 Kirkpatrick Email, # 19 Exhibit Exhibit S – Kirkpatrick Report)(Samberg, Amy) (Entered: 03/06/2023) |
| 03/06/2023 | 244 | MOTION for Summary Judgment by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E, # 6 Exhibit F, # 7 Exhibit G)(Palmeri, John) (Entered: 03/06/2023) |
| 03/06/2023 | 243 | MOTION for Summary Judgment *and Brief in Support* by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Samberg, Amy) (Entered: 03/06/2023) |

| 02/27/2023 | 242 | ORDER ON DISCOVERY DISPUTE entered by Magistrate Judge Gordon P. Gallagher on 2/27/2023. (Attachments: # 1 Dispute Chart) (lrobe) (Entered: 02/28/2023) |
|---|---|---|
| 02/23/2023 | 241 | ORDER: Having reviewed the parties' Discovery Dispute Chart and exhibits, the Court finds that it is adequately advised of the issues and does not need to hear further argument on the matter. Accordingly, the Court vacates the discovery dispute hearing set for Feb. 24, 2023. A written order addressing the parties' disputes will follow shortly. By Magistrate Judge Gordon P. Gallagher on 2/23/23. Text Only Entry (msklc2, ) (Entered: 02/23/2023) |
| 02/21/2023 | 240 | BRIEF in Opposition to 224 MOTION to Exclude *Testimony of Plaintiffs Expert S. Robert Landow Response and Opposition* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Landow Declaration of Feb. 1, 2023, # 2 Exhibit Email Correspondence of Feb. 1, 2023, # 3 Exhibit Documents Reviewed By Expert Landow)(Krum, Mark) (Entered: 02/21/2023) |
| 02/21/2023 | 239 | BRIEF in Opposition to 228 Amended MOTION to Exclude *Expert Testimony of William Curtis*, 223 MOTION to Exclude *Expert Testimony of William Curtis Plaintiff's Response and Opposition* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Plaintiff's Opposition Ex. One – Curtis Declaration, # 2 Exhibit Plaintiff's Opposition Ex. Two – Email Correspondence, # 3 Exhibit Plaintiff's Opposition Ex. Three – Documents Reviewed By Curtis)(Krum, Mark) (Entered: 02/21/2023) |
| 02/21/2023 | 238 | RESPONSE to 225 MOTION to Exclude *Defendant GNIC's Expert Witness Strong* filed by Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8)(Hepworth, Justin) (Entered: 02/21/2023) |
| 02/20/2023 | 237 | RESPONSE to 226 MOTION to Exclude *Broker Defendants' Expert Coleman* filed by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Exhibit A – Coleman Report, # 2 Exhibit B – Coleman Rebuttal, # 3 Exhibit C – Curtis Report Excerpt, # 4 Exhibit D – Coleman Declaration)(Palmeri, John) (Entered: 02/20/2023) |
| 02/16/2023 | 236 | ORDER : Telephone Discovery Conference set for 2/24/2023 at 9:30 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Joint Discovery Dispute Chart due at 4:00 PM on 2/24/2023. The courtroom phone number is 888–363–4749 Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on February 16, 2023. Text Only Entry (gpgsec, ) (Entered: 02/16/2023) |
| 02/09/2023 | 235 | TRANSCRIPT of TELEPHONIC DISCOVERY HEARING held on 02/01/2023 before Magistrate Judge Gallagher. Pages: 1–34. Prepared by: AB Litigation Services. NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov. Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 02/09/2023) |
| 02/02/2023 | 234 | MINUTE ORDER: On this date, Plaintiff requested an informal discovery dispute for the Court to consider an issue concerning the defense response to Plaintiff's "Request for Admission." The Court Orders as follows: the Court declines to set an informal discovery dispute hearing in this discreet circumstance, and instead authorizes the moving party to file a motion to compel (which shall be five pages or less; as shall be any response thereto), if the moving party wishes to do so. As authorized by law, local rule, and statute, and as may be appropriate and just, the Court will consider ordering costs and fees to the prevailing party. by Magistrate Judge Gordon P. Gallagher on February 2, 2023. Text Only Entry (gpgsec, ) (Entered: 02/02/2023) |
| 02/02/2023 | 233 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 2/1/2023. Telephonic discovery hearing held; the Court heard argument of the parties and made findings and rulings as set forth on the record. Appearances all via telephone: Plaintiff, Mark Krum, pro se; Defense Attorney, John Palmeri; and Defense Attorney Justin Hepworth. Time: 4:00 PM – 4:49 PM. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 02/02/2023) |

| 02/01/2023 | 232 | ORDER finding as moot 223 Motion to Exclude in light of the Amended Motion to Exclude Expert Testimony of William Curtis 228 . SO ORDERED by Judge Raymond P. Moore on 2/1/2023. (Text Only Entry)(rmsec) (Entered: 02/01/2023) |
|---|---|---|
| 02/01/2023 | 231 | ORDER : Telephone Discovery Hearing set for 2/1/2023 at 4:00 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. The courtroom phone number is 888–363–4749 Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on February 1, 2023. Text Only Entry (gpgsec, ) (Entered: 02/01/2023) |
| 02/01/2023 | 230 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 1/30/2023. The Court made findings and orders as set forth on the record. APPEARANCES all via telephone: Plaintiff, pro se. Defense Counsel: John Palmeri and Justin Hepworth. FTR: Durango. (gpgsec, ) Text Only Entry (Entered: 02/01/2023) |
| 02/01/2023 | 229 | ORDER: Telephone Discovery Hearing set for 1/30/2023 at 2:30 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. By Magistrate Judge Gordon P. Gallagher on February 1, 2023. Text Only Entry (gpgsec, ) (Entered: 02/01/2023) |
| 02/01/2023 | 228 | Amended MOTION to Exclude *Expert Testimony of William Curtis* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit Amended Exhibit D)(Palmeri, John) (Entered: 02/01/2023) |
| 02/01/2023 | 227 | NOTICE re 223 MOTION to Exclude *Expert Testimony of William Curtis Notice of Filing of Amended Motion to Exclude Expert Testimony of William Curtis* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC (Palmeri, John) (Entered: 02/01/2023) |
| 01/30/2023 | 226 | MOTION to Exclude *Broker Defendants' Expert Coleman* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One – Motion To Exclude Broker Defendants' Expert Coleman)(Krum, Mark) (Entered: 01/30/2023) |
| 01/30/2023 | 225 | MOTION to Exclude *Defendant GNIC's Expert Witness Strong* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One, # 2 Exhibit Exhibit Two – Plaintiff's Response and Opposition, # 3 Exhibit Exhibit Three – Plaintiff's Response and Opposition)(Krum, Mark) (Entered: 01/30/2023) |
| 01/30/2023 | 224 | MOTION to Exclude *Testimony of Plaintiffs Expert S. Robert Landow* by Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Hepworth, Justin) (Entered: 01/30/2023) |
| 01/30/2023 | 223 | MOTION to Exclude *Expert Testimony of William Curtis* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D)(Palmeri, John) (Entered: 01/30/2023) |
| 01/17/2023 | 222 | COURTROOM MINUTES for Discovery Hearing held on 1/17/2023 before Magistrate Judge Gordon P. Gallagher.. FTR: Grand Junction. (Attachments: # 1 Exhibit 1) (lrobe) (Entered: 01/18/2023) |
| 01/12/2023 | 221 | ORDER: Telephone Discovery Hearing set for 1/17/2023 at 2:00 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Joint chart due at 2 PM on 1/13/2023. Courtroom phone number is 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on January 12, 2023. Text Only Entry (gpgsec, ) (Entered: 01/12/2023) |
| 01/10/2023 | 220 | ORDER granting 215 Motion for Protective Order: The motion is granted in part and denied in part. Mr. Krum has not demonstrated that the noticed deponents possess unique knowledge on the subjects in question. In each instance, Mr. Krum seeks to inquire into matters that were discussed in conversations among two or more representatives of the Defendant. In each instance, Mr. Krum has already had the opportunity to depose at least one other party to each such conversation, and Mr. Krum points to no evidence that would suggest that the proposed deponents would be expected to have knowledge of those conversations that is distinct and unique from the knowledge that prior deponents have already testified about. The Court further finds that, to the extent the deponents *might* have any unique and discoverable information, Mr. Krum has not demonstrated that he cannot effectively obtain that information via less intrusive methods than a deposition. Accordingly, pursuant to Fed. R. Civ. P. 26(c), the Court grants the motion and quashes the Notices of Deposition addressed to the four officials identified in the motion.<br><br>Nevertheless, to ensure that Mr. Krum has a full opportunity to obtain any discoverable |

| | | |
|---|---|---|
| | | information possessed by these officials (or to demonstrate a basis for seeking further discovery), the Court will authorize Mr. Krum to propound one interrogatory to each of the officials. Mr. Krum shall serve those interrogatories on the Defendants counsel within 14 days of this Order, and the identified witnesses shall respond to those interrogatories within 14 days thereafter, unless the parties agree otherwise.<br><br>Pursuant to Fed. R. Civ. P. 37(a)(5)(C), the Court declines to award costs to either party. By Magistrate Judge Gordon P. Gallagher on 1/10/23. Text Only Entry(msklc2, ) (Entered: 01/10/2023) |
| 01/09/2023 | 219 | REPLY to Response to 215 MOTION for Protective Order filed by Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F, # 4 Exhibit G, # 5 Exhibit H, # 6 Exhibit I, # 7 Exhibit J, # 8 Exhibit K)(Samberg, Amy) (Entered: 01/09/2023) |
| 01/09/2023 | 218 | NOTICE of Entry of Appearance by Justin Scott Hepworth on behalf of Great Northern Insurance CompanyAttorney Justin Scott Hepworth added to party Great Northern Insurance Company(pty:cc), Attorney Justin Scott Hepworth added to party Great Northern Insurance Company(pty:dft) (Hepworth, Justin) (Entered: 01/09/2023) |
| 12/27/2022 | 217 | RESPONSE to 215 MOTION for Protective Order *on behalf of Defendant GNIC* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One – Plaintiff's Response and Opposition, # 2 Exhibit Exhibit Two – Plaintiff's Response and Opposition, # 3 Exhibit Exhibit Three – Plaintiff's Response and Opposition, # 4 Exhibit Exhibit Four – Plaintiff's Response and Opposition, # 5 Exhibit Exhibit Five – Plaintiff's Response and Opposition, # 6 Exhibit Exhibit Six – Plaintiff's Response and Opposition, # 7 Exhibit Exhibit Seven – Plaintiff's Response and Opposition, # 8 Exhibit Exhibit Eight – Plaintiff's Response and Opposition, # 9 Exhibit Exhibit Nine – Plaintiff's Response and Opposition, # 10 Exhibit Exhibit Ten – Plaintiff's Response and Opposition, # 11 Exhibit Exhibit Eleven – Plaintiff's Response and Opposition, # 12 Exhibit Exhibit Twelve – Plaintiff's Response and Opposition, # 13 Exhibit Exhibit Thirteen – Plaintiff's Response and Opposition, # 14 Exhibit Exhibit Fourteen – Plaintiff's Response and Opposition, # 15 Exhibit Exhibit Fifteen – Plaintiff's Response and Opposition, # 16 Exhibit Exhibit Sixteen – Plaintiff's Response and Opposition, # 17 Exhibit Exhibit Seventeen – Plaintiff's Response and Opposition, # 18 Exhibit Exhibit Eighteen – Plaintiff's Response and Opposition, # 19 Exhibit Exhibit Nineteen – Plaintiff's Response and Opposition)(Krum, Mark) (Entered: 12/27/2022) |
| 12/05/2022 | 216 | MEMORANDUM regarding 215 MOTION for Protective Order filed by Great Northern Insurance Company. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 12/5/2022. (Text Only Entry) (rmsec) (Entered: 12/05/2022) |
| 12/05/2022 | 215 | MOTION for Protective Order by Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit A – Blake Docs, # 2 Exhibit B – Magnotta Depo Transcript, # 3 Exhibit C – James Hamilton Doctor Letter)(Samberg, Amy) (Entered: 12/05/2022) |
| 11/12/2022 | 214 | TRANSCRIPT of Discovery Hearing held on October 15, 2021 before Magistrate Judge Gallagher. Pages: 1–20.<br> **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.**<br>Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 11/12/2022) |
| 11/08/2022 | 213 | SCHEDULING ORDER by Magistrate Judge Gordon P. Gallagher on 11/08/2022. (alave, ) (Entered: 11/08/2022) |
| 11/08/2022 | 212 | STIPULATION re 205 Scheduling Order *Amended Stipulation to Amend Scheduling Order* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Proposed Order (PDF Only))(Palmeri, John) (Entered: 11/08/2022) |
| 11/07/2022 | 211 | **WITHDRAWN** STIPULATION re 205 Scheduling Order *Stipulation to Amend Scheduling Order Filed on Behalf of All Parties* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Attachments: # 1 Proposed Order (PDF Only))(Palmeri, John) Modified on 11/8/2022 to withdraw document as it was filed in error |

| | | |
|---|---|---|
| | | (sdunb, ). (Entered: 11/07/2022) |
| 10/07/2022 | 210 | ORDER DENYING MOTION TO COMPEL by Magistrate Judge Gordon P. Gallagher on 10/07/2022. Mr. Krum's Motion to Compel (D. 206 ) is DENIED. (alave, ) (Entered: 10/11/2022) |
| 10/03/2022 | 209 | REPLY to Response to 206 First MOTION to Compel *Discovery* MOTION for Discovery *To Compel Discovery From Defendants Santana and Krupowicz* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Reply Exhibit One, # 2 Exhibit Reply Exhibit Two)(Krum, Mark) (Entered: 10/03/2022) |
| 09/19/2022 | 208 | RESPONSE to 206 First MOTION to Compel *Discovery* MOTION for Discovery filed by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 09/19/2022) |
| 08/29/2022 | 207 | MEMORANDUM regarding 206 First MOTION to Compel *Discovery* MOTION for Discovery filed by Mark Jay Krum. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 8/29/2022. (Text Only Entry) (rmsec ) (Entered: 08/29/2022) |
| 08/29/2022 | 206 | First MOTION to Compel *Discovery*, MOTION for Discovery by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Plaintiff's First Document Requests to Defendants Santana and Krupowicz, # 2 Exhibit Email From Krum to Palmeri on August 22, 2022, # 3 Exhibit Defendants Santana and Krupowicz's Responses to Plaintiff's First Requests for Production of Documents, # 4 Exhibit Defendant Great Northern's Seventh Supplemental Rule 26 Disclosures, # 5 Exhibit Defendants Santana and Krupowicz's Second Supplemental Disclosures)(Krum, Mark) (Entered: 08/29/2022) |
| 08/19/2022 | 205 | SECOND AMENDED SCHEDULING ORDER by Magistrate Judge Gordon P. Gallagher on 08/19/2022. (alave, ) (Entered: 08/19/2022) |
| 08/19/2022 | 204 | Proposed Scheduling Order *Proposed Second Amended Scheduling Order Submitted on Behalf of All Parties* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 08/19/2022) |
| 08/18/2022 | 203 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS held on 08/04/2022 before Magistrate Judge Gallagher. Pages: 1–18. Prepared by: AB Litigation Services. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 08/18/2022) |
| 08/18/2022 | 202 | TRANSCRIPT of TRANSCRIPT OF PROCEEDINGS held on 07/28/2022 before Magistrate Judge Gallagher. Pages: 1–15. Prepared by: AB Litigation Services. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 08/18/2022) |
| 08/17/2022 | 201 | ORDER The Court declines to set a discovery dispute hearing on the production issue related to Santana and Krupowicz. If a party, regarding this discreet issue, believes that the issue requires Court intervention, that part may file the appropriate motion, limited to five (5) pages, exclusive of title page, signature page, and any exhibits. Any response shall similarly be limited to five (5) pages and a reply to two (2) pages. The Court will assess costs and fees as appropriate. By Magistrate Judge Gordon P. Gallagher on August 17, 2022. Text Only Entry (gpgsec, ) (Entered: 08/17/2022) |
| 08/15/2022 | 200 | NOTICE re 196 Notice (Other) *of Errata of Proposed Order Amending Scheduling Order* by Defendant Great Northern Insurance Company (Samberg, Amy) (Entered: 08/15/2022) |

| 08/15/2022 | 199 | ORDER: On August 4, 2022, this Court held one of many discovery dispute hearings to try and resolve matters which are generally resolved between Counsel without need of Court intervention. As the Parties are aware, at the conclusion of that hearing, the Court Ordered the Parties, within seven (7) days, to confer and provide the Court with a proposed amended scheduling order (and either file with the Court an agreed–upon version or file a partially agreed and partially disputed version as may be the case). See D. 194. On August 12, 2022, such a document was filed and it was entered as an Order of the Court on August 15, 2022. See D. 196 & D. 197. Shortly thereafter, it came to the Courts attention that either conferral had not occurred or the filing was not unopposed or both. Thus, the amended scheduling order will be struck as it is apparently opposed, at least in part. The Court is vexed by the inability to move forward as to seemingly simple issues. This matter has been continually delayed by unnecessary and time–consuming disputes. It is therefore Ordered that the Parties SHALL do the following: (1) Within 24 hours the Parties SHALL decide on a time for a conferral. (2) If the Parties cannot decide on a time for conferral, they will independently provide the COURT with all times they are available on August 17 and 18, 2022 and the Court will pick a time. (3) The Parties SHALL arrange to have a Court reporter retained for the conferral and will split the cost. (4) If the Parties cannot agree upon a reporter within 24 hours, the Court will task the Clerk of Court with doing so and the Parties will still split the cost. (5) The Parties SHALL confer on either August 17 or 18, 2022. (6) No later than Noon MDT on August 19, 2022, the Parties will file their proposed amended scheduling order and any objections thereto. (7) The PARTIES SHALL jointly notify the Court of their progress on these matters within 24 hours. So Ordered. By Magistrate Judge Gordon P. Gallagher on August 15, 2022. Text Only Entry (gpgsec, ) (Entered: 08/15/2022) |
| 08/15/2022 | 198 | LETTER re: 196 Notice (Other), 197 Scheduling Order *Plaintiff's Dates For Consideration* by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit KrumAug15EmailToAttorneySambergRe:NoConferral)(Krum, Mark) (Entered: 08/15/2022) |
| 08/15/2022 | 197 | **STRICKEN** SCHEDULING ORDER by Magistrate Judge Gordon P. Gallagher on 08/15/2022. (alave, ) Modified on 8/15/2022 to strike per chambers directive (agarc, ). (Entered: 08/15/2022) |
| 08/12/2022 | 196 | NOTICE re 108 Scheduling Order, *Proposed Order Amending Scheduling Order* by Counter Claimant Great Northern Insurance Company, Defendant Great Northern Insurance Company (Samberg, Amy) (Entered: 08/12/2022) |
| 08/05/2022 | 195 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 8/4/2022. At the Plaintiff's request, the Court heard further discussion and argument concerning a topic addressed on 8/3/2022, namely the venue of Plaintiff's deposition. The Court denied the request by Plaintiff for the Court to change its earlier ruling regarding that venue. APPEARANCES all via telephone: Plaintiff, pro se; For Defendants Chubb and Great Northern, Amy Samberg; and for the other defendants, John Palmeri. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 08/05/2022) |
| 08/03/2022 | 194 | COURTROOM MINUTES for Discovery Hearing held before Magistrate Judge Gordon P. Gallagher on 8/3/2022. ORDERED: Proposed Amended Scheduling Order due within 7 days. FTR: Grand Junction. (lrobe) (Entered: 08/05/2022) |
| 08/03/2022 | 193 | ORDER : Telephone Discovery Hearing set for 8/4/2022 11:00 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. At the time of the hearing, call the courtroom at 888–363–4749, Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on August 3, 2022. Text Only Entry (gpgsec, ) (Entered: 08/03/2022) |
| 07/29/2022 | 192 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 7/28/2022. Parties discussed issues; Court set a further hearing but only if necessary. Parties to advise the Court by Noon on August 2, 2022 if the discovery hearing set for August 3, 2022 at 8 – 8 AM before USMJ Gordon P. Gallagher (in Room 323/Grand Jct) will be needed. Same phone number for the hearing. Appearances at this hearing: Plaintiff Mark Krum; Defense Counsel, Amy Samberg, Edward Denby, Margaret Boehmer. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 07/29/2022) |
| 07/28/2022 | 191 | NOTICE of Entry of Appearance by Edward Clark Denby on behalf of Great Northern Insurance CompanyAttorney Edward Clark Denby added to party Great Northern Insurance Company(pty:cc), Attorney Edward Clark Denby added to party Great Northern Insurance Company(pty:dft) (Denby, Edward) (Entered: 07/28/2022) |
| 07/28/2022 | 190 | TRANSCRIPT of DISCOVERY HEARING held on 07/13/2022 before Magistrate Judge Gallagher. Pages: 1–13. Prepared by: AB Litigation Services. <span style="color:red">**NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing,**</span> |

| | | |
|---|---|---|
| | | **each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts statement at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (AB Court Reporting & Video, Inc., ) (Entered: 07/28/2022) |
| 07/27/2022 | 189 | RESPONSE to 188 Response *Defendants' Joint Reply to Plaintiff's Response to ECF Doc. 185* by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Palmeri, John) (Entered: 07/27/2022) |
| 07/25/2022 | 188 | RESPONSE *As Ordered by the Court at ECF Doc. 185* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 07/25/2022) |
| 07/25/2022 | 187 | NOTICE of Entry of Appearance by Margaret Louise Boehmer on behalf of Dale Krupowicz, Personal Risk Management Solutions, LLC, Celia SantanaAttorney Margaret Louise Boehmer added to party Dale Krupowicz(pty:dft), Attorney Margaret Louise Boehmer added to party Personal Risk Management Solutions, LLC(pty:condft), Attorney Margaret Louise Boehmer added to party Celia Santana(pty:dft) (Boehmer, Margaret) (Entered: 07/25/2022) |
| 07/25/2022 | 186 | ORDER: At the parties' request, a Discovery Hearing regarding document production is set for 7/28/2022 at 11:00 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Parties to provide a joint discovery dispute table to Gallagher Chambers and Angela_Barnes@cod.uscourts.gov at least 24 hours in advance. At the time of the hearing, call the Courtroom at 888–363–4749, Access # 3136546#. By Magistrate Judge Gordon P. Gallagher on July 25, 2022. Text Only Entry (gpgsec, ) (Entered: 07/25/2022) |
| 07/21/2022 | 185 | MINUTE ORDER by Magistrate Judge Gordon P. Gallagher on 07/21/2022. The Court hereby Orders that Plaintiff shall have 5 days within which to respond to the disputed areas and the response shall be placed onto CMECF and shall be no more than 3 pages in length excluding the caption page and the signature and certificate of service page. (alave, ) (Entered: 07/22/2022) |
| 07/13/2022 | 184 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 7/13/2022. After updating the Court on the discovery progress, Plaintiff Krum orally moved the Court to extend the expert designation deadline to mid–October. The Court heard the positions of the other parties. Attorney Samberg did not object to Krum's motion, but requested a slightly less extension and also requested that all other deadlines likewise be extended. Attorney Palmeri objected. The Court granted the Motion and Ordered that the new Expert Designation Deadline is going to be October 17, 2022 and the parties can confer on the exact dates of the other extended dates, but the remaining deadlines are extended by generally the same amount as the Expert Designation Deadline. Further Ordered: A proposed modified amended Scheduling Order is due to be filed by close of business on July 15, 2022. APPEARANCES: All via telephone: For Plaintiff, Mark Krum, pro se; For Defendant Great Northern, Amy Samberg; For Krupowicz, Santana, and Personal Risk, John Palmeri. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 07/13/2022) |
| 07/13/2022 | 183 | ORDER : 15–minute Telephonic Discovery Hearing set for 7/13/2022 at 2:30 PM (Mountain Time) in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Parties to call 888–363–4749, Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on July 13, 2022. Text Only Entry (gpgsec, ) (Entered: 07/13/2022) |
| 06/30/2022 | 182 | NOTICE of Entry of Appearance by Abigail Hope Perkins on behalf of Dale Krupowicz, Personal Risk Management Solutions, LLC, Celia SantanaAttorney Abigail Hope Perkins added to party Dale Krupowicz(pty:dft), Attorney Abigail Hope Perkins added to party Personal Risk Management Solutions, LLC(pty:condft), Attorney Abigail Hope Perkins added to party Celia Santana(pty:dft) (Perkins, Abigail) (Entered: 06/30/2022) |
| 06/30/2022 | 181 | ORDER granting 179 Motion to Withdraw as Attorney. Attorney Paul W. Jordan, Jr terminated by Magistrate Judge Gordon P. Gallagher on 6/30/22. Text Only Entry(GPG) (Entered: 06/30/2022) |
| 06/30/2022 | 180 | MEMORANDUM regarding 179 MOTION to Withdraw as Attorney filed by Celia Santana, Personal Risk Management Solutions, LLC, Dale Krupowicz. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 6/30/2022. (Text Only Entry) (rmsec ) (Entered: 06/30/2022) |

| 06/30/2022 | 179 | MOTION to Withdraw as Attorney by Defendants Dale Krupowicz, Celia Santana, Consol Defendant Personal Risk Management Solutions, LLC. (Jordan, Paul) (Entered: 06/30/2022) |
|---|---|---|
| 06/25/2022 | 178 | ORDER granting 176 Motion to Withdraw as Attorney. Attorney Kevin Scott Hoskins terminated by Magistrate Judge Gordon P. Gallagher on 6/25/22. Text Only Entry(GPG) (Entered: 06/25/2022) |
| 06/22/2022 | 177 | MEMORANDUM regarding 176 MOTION to Withdraw as Attorney *as to Kevin S. Hoskins* filed by Chubb INA Holdings, Inc, Chubb Limited, Federal Insurance Company, Great Northern Insurance Company, Chubb Group Holdings, Inc. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 6/22/2022. (Text Only Entry) (rmsec ) (Entered: 06/22/2022) |
| 06/21/2022 | 176 | MOTION to Withdraw as Attorney *as to Kevin S. Hoskins* by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Chubb Limited, Federal Insurance Company, Great Northern Insurance Company, Counter Claimant Great Northern Insurance Company. (Samberg, Amy) (Entered: 06/21/2022) |
| 06/01/2022 | 175 | ORDER OF CONSOLIDATION. It is therefore ORDERED that case number 20–cv–03616–RM–GPG and case number 22–cv–01028–MEH are hereby CONSOLIDATED for all purposes, and future filings in either of these actions shall contain the caption as set forth above and shall be docketed under the case number 20–cv–03616–RM–GPG. This Order shall also be filed in case number 22–cv–01028–MEH. By Judge Raymond P. Moore on 06/01/2022.(sdunb, ) (Entered: 06/01/2022) |
| 05/27/2022 | 174 | Unopposed MOTION to Consolidate Cases by Defendants Dale Krupowicz, Celia Santana. (Palmeri, John) (Entered: 05/27/2022) |
| 05/22/2022 | 173 | TRANSCRIPT of Telephonic Discovery Hearing held on March 31, 2022 before Magistrate Judge Gallagher. Pages: 1–33. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 05/22/2022) |
| 05/22/2022 | 172 | TRANSCRIPT of Telephonic Discovery Hearing held on March 30 2022 before Magistrate Judge Gallagher. Pages: 1–82. **NOTICE – REDACTION OF TRANSCRIPTS: Within seven calendar days of this filing, each party shall inform the Court, by filing a Notice of Intent to Redact, of the party's intent to redact personal identifiers from the electronic transcript of the court proceeding. If a Notice of Intent to Redact is not filed within the allotted time, this transcript will be made electronically available after 90 days. Please see the Notice of Electronic Availability of Transcripts document at www.cod.uscourts.gov.** Transcript may only be viewed at the court public terminal or purchased through the Court Reporter/Transcriber prior to the 90 day deadline for electronic posting on PACER. (Patterson Transcription Company, ) (Entered: 05/22/2022) |
| 05/20/2022 | 171 | STIPULATION for Extension of Time *to Respond to Defendant Great Northern Insurance Company's First Set of Written Discovery Requests* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 05/20/2022) |
| 04/13/2022 | 170 | ORDER AMENDING SCHEDULING ORDER by Magistrate Judge Gordon P. Gallagher on 04/12/2022. Defendants oral motion for a 90–day extension of all deadlines is hereby GRANTED. The following deadlines are continued as follows: Designation of Affirmative Experts due 7/15/2022. Designation of Rebuttal Experts due 8/16/2022. Dispositive Motions due by 11/14/2022. Service of Written Discovery Deadline due 08/25/2022. E–file Rule 702 Motions Deadline due 09/15/2022. Discovery due by 10/12/2022. (alave, ) (Entered: 04/13/2022) |
| 03/31/2022 | 169 | COURTROOM MINUTES for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 3/31/2022. Ms. Samberg's oral motion for a 90–day extension of all deadlines is GRANTED. The parties shall prepare a one–page bullet point proposed order with new deadlines that are extended 90 days. FTR: Courtroom C–201. (amont, ) Modified on 3/31/2022 to change judge name(amont, ). (Entered: 03/31/2022) |

| | | |
|---|---|---|
| 03/31/2022 | 167 | MINUTE ORDER : For the Discovery Hearing on March 31, 2022 at 2:45 PM in Room 323 with USMJ Gordon P. Gallagher, the parties are to call the following number at the time of the hearing: 571–353–2301, Access Code 435004390#. By Magistrate Judge Gordon P. Gallagher on March 31, 2022. Text Only Entry (gpgsec, ) (Entered: 03/31/2022) |
| 03/30/2022 | 168 | COURTROOM MINUTES for Discovery Hearing held before Magistrate Judge Gordon P. Gallagher on 3/30/2022. Further Telephonic Discovery Hearing set for 3/31/2022 at 2:45 PM before Magistrate Judge Gordon P. Gallagher. Parties shall call 888–363–4749, access code 3136545# at the appointed time. FTR: Grand Junction. (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4) (lrobe) (Entered: 03/31/2022) |
| 03/24/2022 | 166 | ORDER : Telephone Discovery Hearing set for 3/30/2022 10:30 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. At the time of the hearing, the courtroom number will be opened. Call 888–363–4749, Access 3136546#. Joint, written dispute chart due 24 hours prior. By Magistrate Judge Gordon P. Gallagher on March 24, 2022. Text Only Entry (gpgsec, ) (Entered: 03/24/2022) |
| 02/18/2022 | 165 | ORDER granting 163 Motion to Withdraw as Attorney. Attorney Tamara C. Jordan terminated by Magistrate Judge Gordon P. Gallagher on 2/18/22. Text Only Entry(GPG) (Entered: 02/18/2022) |
| 02/16/2022 | 164 | MEMORANDUM regarding 163 MOTION to Withdraw as Attorney filed by Chubb INA Holdings, Inc, Chubb Limited, Federal Insurance Company, Great Northern Insurance Company, Chubb Group Holdings, Inc. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 2/16/2022. (Text Only Entry) (rmsec) (Entered: 02/16/2022) |
| 02/16/2022 | 163 | MOTION to Withdraw as Attorney by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Chubb Limited, Federal Insurance Company, Great Northern Insurance Company, Counter Claimant Great Northern Insurance Company. (Samberg, Amy) (Entered: 02/16/2022) |
| 02/10/2022 | 162 | ORDER. The Court ORDERS as follows: The Objections (ECF Nos. 156 , 157 , 158 ) are OVERRULED. The Recommendations (ECF No. 153 , 154 , 155 ) are ACCEPTED. Two Motions to Dismiss (ECF No. 51 , 70 ) are GRANTED, while the third (ECF No. 66 ) is DENIED, and Plaintiff's Motion for Leave (ECF No. 102 ) is GRANTED. By Judge Raymond P. Moore on 02/10/2022. (sdunb, ) (Entered: 02/10/2022) |
| 02/07/2022 | 161 | OBJECTION/Appeal of Magistrate Judge Decision to District Court *Plaintiff's Response to Defendants Santana and Krupowicz's Objection [ECF Doc. 157] to Report and Recommendation (i) Denying Defendants' Motion to Dismiss Amended Complaint and (ii) Granting Plaintiff's Motion for Leave of Court to Consider Plaintiff's Certificate of Review* by Plaintiff Mark Jay Krum. (Krum, Mark) Modified on 2/9/2022 to remove gavel (sdunb, ). (Entered: 02/07/2022) |
| 02/07/2022 | 160 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re 159 Response to Objection to Report and Recommendation, filed by attorney Amy M. Samberg. **DO NOT REFILE THE DOCUMENT. Action to take** – counsel must submit a change of contact request through the Manage my Account tab at the PACER website at https://www.pacer.gov/, pursuant to D.C.COLO.LAttyR 5(c) and 3.5 of the Electronic Case Filing Procedures (Civil cases).(Text Only Entry) (sdunb, ) (Entered: 02/07/2022) |
| 02/03/2022 | 159 | RESPONSE to Objection to 153 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE re 51 MOTION to Dismiss *Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* filed by Matthew Witcher, Steven W. Mortensen filed by Defendants Steven W. Mortensen, Matthew Witcher. (Samberg, Amy) (Entered: 02/03/2022) |
| 01/28/2022 | 158 | OBJECTION/Appeal of Magistrate Judge Decision to District Court *Granting Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc., and Federal Insurance Company's Motion to Dismiss* by Plaintiff Mark Jay Krum. (Krum, Mark) Modified on 2/9/2022 to remove gavel (sdunb, ). (Entered: 01/28/2022) |
| 01/24/2022 | 157 | OBJECTION to 154 Report and Recommendations filed by Defendants Dale Krupowicz, Celia Santana. (Palmeri, John) (Entered: 01/24/2022) |
| 01/22/2022 | 156 | OBJECTION/Appeal of Magistrate Judge Decision to District Court re 153 Report and Recommendations, *Granting Defendants' Motion to Dismiss Amended Complaint as to Defendants Mortensen and Witcher* by Plaintiff Mark Jay Krum. (Krum, Mark) Modified on 2/9/2022 to remove gavel (sdunb, ). (Entered: 01/22/2022) |
| 01/14/2022 | 155 | REPORT AND RECOMMENDATION GRANTING DEFENDANTS CHUBB GROUP HOLDINGS, INC., CHUBB INA HOLDINGS, INC., AND FEDERAL INSURANCE |

| | | |
|---|---|---|
| | | COMPANY'S MOTION TO DISMISS by Magistrate Judge Gordon P. Gallagher on 01/14/2022. Magistrate Judge respectfully RECOMMENDS that Defendants Chubb Group, Chubb INA, and FIC's motion to dismiss be GRANTED. (D. 70). (alave, ) (Entered: 01/14/2022) |
| 01/10/2022 | 154 | REPORT AND RECOMMENDATION (1) Denying Defendants Celia Santana and Dale Krupowicz's Motion to Dismiss for Failure to File Certificate of Review and (2) Granting Plaintiff's Motion for Leave of Court to Consider Certificate of Review. This Magistrate Judge respectfully RECOMMENDS that (1) Defendants Santana and Krupowicz's motion to dismiss be DENIED (D. 66 ) and (2) Plaintiff's motion for leave of court to consider the certificate of review be GRANTED ( 102 ), by Magistrate Judge Gordon P. Gallagher on 1/10/2022. (agarc, ) (Entered: 01/11/2022) |
| 01/08/2022 | 153 | REPORT AND RECOMMENDATION Granting Defendant's Motion to Dismiss Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher. This Magistrate Judge respectfully RECOMMENDS that Defendants Mortensen and Witcher's motion to dismiss be GRANTED. (D. 51 ), by Magistrate Judge Gordon P. Gallagher on 1/8/2022. (agarc, ) (Entered: 01/10/2022) |
| 12/29/2021 | 152 | ORDER finding as moot 150 Motion for Leave. The requested document is already filed at Level 2 Restriction based upon prior Court Order and will remain at that level of restriction with no need for further litigation on the issue. by Magistrate Judge Gordon P. Gallagher on 12/29/21. Text Only Entry(GPG) (Entered: 12/29/2021) |
| 12/29/2021 | 151 | MEMORANDUM regarding 150 First MOTION for Leave to *Maintain Level 2 Restriction on ECF Doc. 142* 142 Restricted Document – Level 2, 138 Minute Order, 141 Certificate filed by Mark Jay Krum. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 12/29/2021. (Text Only Entry) (rmsec ) (Entered: 12/29/2021) |
| 12/29/2021 | 150 | First MOTION for Leave to *Maintain Level 2 Restriction on ECF Doc. 142* 142 Restricted Document – Level 2, 138 Minute Order,,, 141 Certificate by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 12/29/2021) |
| 12/29/2021 | 149 | ORDER granting 146 Motion for Extension of Time to File re 146 MOTION for Extension of Time to of Scheduling Order Deadlines. The Court is well aware of the history of discovery disputes and other delays which have plagued this action. The Court exercises its authority under D.C.COLO.LCivR 7.1(d) and enters this Order without awaiting a response, as none is needed to decide this discreet issue. As noted in the motion, multiple potentially dispositive motions remain pending. The Parties should expect recommendations as to those issues within 30 days––except potentially the matter affected by the certified question of law. The Court finds good cause for the requested extension of all discovery delays by 90 days. It would entirely impracticable and unjust to deny this motion under the current circumstances. It is therefore Ordered that all discovery deadlines are extended by 90 days. by Magistrate Judge Gordon P. Gallagher on 12/29/21. Text Only Entry(GPG) (Entered: 12/29/2021) |
| 12/28/2021 | 148 | MEMORANDUM regarding 146 MOTION for Extension of Time to *of Scheduling Order Deadlines* filed by Matthew Witcher, Great Northern Insurance Company, Steven W. Mortensen. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 12/28/2021. (Text Only Entry) (rmsec ) (Entered: 12/28/2021) |
| 12/28/2021 | 147 | MINUTE ORDER: At the parties' request, the Discovery Hearing set for 12/29/21 with USMJ Gallagher is hereby Vacated. By Magistrate Judge Gordon P. Gallagher on December 28, 2021. Text Only Entry (gpgsec, ) (Entered: 12/28/2021) |
| 12/28/2021 | 146 | MOTION for Extension of Time to *of Scheduling Order Deadlines* by Counter Claimant Great Northern Insurance Company, Defendants Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher. (Hoskins, Kevin) (Entered: 12/28/2021) |
| 12/24/2021 | 145 | STIPULATED PROTECTIVE ORDER by Magistrate Judge Gordon P. Gallagher on December 24, 2021. (csarr, ) (Entered: 12/27/2021) |
| 12/23/2021 | 144 | NOTICE *Stipulated Protective Order* by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company, Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher, Counter Claimant Great Northern Insurance Company (Hoskins, Kevin) (Entered: 12/23/2021) |
| 12/22/2021 | 143 | ORDER : Telephonic Discovery Hearing set for 12/29/2021 02:00 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Chart due 24 hours prior; the number to call is 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on December |

| | | 22, 2021. Text Only Entry (gpgsec, ) (Entered: 12/22/2021) |
|---|---|---|
| 12/17/2021 | 142 | RESTRICTED DOCUMENT – Level 2: by Plaintiff Mark Jay Krum.. (Krum, Mark) (Entered: 12/17/2021) |
| 12/17/2021 | 141 | CERTIFICATE *of Review As Ordered By Court* re: 138 Minute Order,,, by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 12/17/2021) |
| 12/14/2021 | 140 | Exhibits in Support of 139 Minute Order by Plaintiff Mark Jay Krum. (Attachments: # 1 2, # 2 3, # 3 4, # 4 5, # 5 6, # 6 7, # 7 8, # 8 9, # 9 10, # 10 11, # 11 12, # 12 13, # 13 14, # 14 15, # 15 16, # 16 17, # 17 18, # 18 19, # 19 20, # 20 21, # 21 22, # 22 23)(alave, ) (Entered: 12/14/2021) |
| 12/13/2021 | 139 | MINUTE ORDER by Magistrate Judge Gordon P. Gallagher on 12/10/2021. (alave, ) (Entered: 12/13/2021) |
| 12/12/2021 | 138 | MINUTE ORDER. Pursuant to C.R.S. 13–20–602 the plaintiff "shall file with the court a certificate of review" in a matter for damages or indemnity against a licensed professional. Plaintiff so certifies that such consultation has occurred. (Plaintiff's amended certificate of review (D. 69, p. 4)). Pursuant to C.R.S. 13–20–602(3)(b) the Court may verify the certificate by requiring the plaintiff to reveal the identity of the consulting professional and the contents of the certificate. The Court hereby Orders that within seven (7) days, Plaintiff SHALL provide the Court with the certificate of review, setting forth the identity of the person consulted and the contents of the certificate by filing such information on the docket of the Court at Level 2 restriction (limited to the filing party and the Court). So Ordered. by Magistrate Judge Gordon P. Gallagher on 12/12/21. Text Only Entry (GPG) (Entered: 12/12/2021) |
| 11/15/2021 | 136 | MINUTE ORDER by Magistrate Judge Gordon P. Gallagher on 11/11/2021. (nrich) (Entered: 11/15/2021) |
| 11/08/2021 | 137 | Exhibits in Support of 135 Discovery Hearing. Exhibit 2 from November 8, 2021 Discovery Hearing. (nrich) (Entered: 11/15/2021) |
| 11/08/2021 | 135 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 11/8/2021. FTR: Grand Junction. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 3, # 3 Exhibit Exhibit 4, # 4 Exhibit Exhibit 5, # 5 Exhibit Exhibit 6, # 6 Exhibit Exhibit 7, # 7 Exhibit Exhibit 8, # 8 Exhibit Exhibit 9, # 9 Exhibit Exhibit 10, # 10 Exhibit Exhibit 11, # 11 Exhibit Exhibit 12, # 12 Exhibit Exhibit 13, # 13 Exhibit Exhibit 14, # 14 Exhibit Exhibit 15, # 15 Exhibit Exhibit 16) (nrich, ) (Entered: 11/15/2021) |
| 11/04/2021 | 134 | NOTICE OF CASE ASSOCIATION *Plaintiff's Supplemental Notice of Related Case Pursuant to D.C. Colo. Local Civ. Rule 3.2* by Mark Jay Krum (Krum, Mark) (Entered: 11/04/2021) |
| 11/02/2021 | 133 | ORDER : Telephonic Discovery Hearing set for 11/8/2021 02:00 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Discovery Chart due 24 hours in advance. Parties to call 888–363–4749, Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on November 2, 2021. Text Only Entry (gpgsec, ) (Entered: 11/02/2021) |
| 11/02/2021 | 132 | NOTICE of Change of Address/Contact Information by Kevin Scott Hoskins (Hoskins, Kevin) (Entered: 11/02/2021) |
| 11/02/2021 | 131 | NOTICE of Change of Address/Contact Information by Kevin Scott Hoskins (Hoskins, Kevin) (Entered: 11/02/2021) |
| 11/01/2021 | 130 | RESTRICTED DOCUMENT – Level 2: by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Chubb Limited, Federal Insurance Company, Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher. (swest) (Entered: 11/01/2021) |
| 11/01/2021 | 129 | MINUTE ORDER : The Court has conducted an initial review of the documents provided in camera and issued instructions to Chubb as to further review and corrections which SHALL be made to the in camera submission within seven (7) days. By Magistrate Judge Gordon P. Gallagher on November 1, 2021. Text Only Entry (gpgsec, ) (Entered: 11/01/2021) |
| 10/28/2021 | 128 | MINUTE ORDER vacating the discovery dispute hearing set for 10/29/2021. by Magistrate Judge Gordon P. Gallagher on 10/28/21. (GPG) (Entered: 10/28/2021) |
| 10/25/2021 | 127 | ORDER : Telephonic Discovery Hearing set for 10/29/2021 01:00 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Joint chart due 24 hours in advance. At the time of the hearing, parties to call 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on October 25, 2021. Text Only Entry (gpgsec, ) (Entered: 10/25/2021) |

| 10/22/2021 | 126 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 10/22/2021. ORDERED: Parties to confer regarding bates numbering. FURTHER ORDERED: The defendants who have the documents set forth in the privilege log shall provide those documents to the Court via email, confidentially, on or before October 29, 2021 for an in camera review. (Attachments: Exhibit 1, Exhibit 2, Exhibit 3, Exhibit 4) FTR: Grand Junction. (swest) (Entered: 10/22/2021) |
|---|---|---|
| 10/18/2021 | 125 | ORDER : Telephone Discovery Hearing set for 10/22/2021 09:30 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Joint Discovery Dispute chart due 24 hours in advance; at the time of the hearing parties to call 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on October 18, 2021. Text Only Entry (gpgsec, ) (Entered: 10/18/2021) |
| 10/15/2021 | 124 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 10/15/2021. Attorney Samberg's oral motion to exclude Ms. Dye (spelling not known for certain) from deposition on 10/15/2021 is denied. APPEARANCES all via telephone: Mark Krum; Amy Samberg; Paul Jordan; and Kevin Hoskins. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 10/15/2021) |
| 09/15/2021 | 123 | STIPULATION for Extension of Time *for Plaintiff to Respond to Defendants Celia Santana and Dale Krupowicz's First Set of Interrogatories and Requests for Production* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 09/15/2021) |
| 09/13/2021 | 122 | ORDER : The Court, upon a joint email request from the participating parties, vacates, without prejudice, the Discovery Dispute Conference which had been set for 9/14/2021 at 1:30 PM in Room 323 before Magistrate Judge Gordon P. Gallagher. By Magistrate Judge Gordon P. Gallagher on September 13, 2021. Text Only Entry (gpgsec, ) (Entered: 09/13/2021) |
| 09/09/2021 | 121 | MINUTE ORDER: This matter comes before the Court based on the request of Plaintiff and Defendant Chubb to have the Magistrate Judge conduct a two–party settlement conference in this matter. While the Court is always appreciative of litigants attempts to settle their differences, it is unclear why this matter might warrant assistance of a judicial officer rather than the parties seeking the services of a private mediator. At this time, the Court declines to set a settlement conference. However, the parties are free to file a brief joint request outlining any factors which indicate why the Court should conduct settlement in this case. by Magistrate Judge Gordon P. Gallagher on 9/9/21. Text Only Entry (GPG) (Entered: 09/09/2021) |
| 09/02/2021 | 120 | ORDER: Telephonic Discovery Hearing set for 9/14/2021 01:30 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Joint Dispute Chart due 24 hours prior. At the time of the hearing the parties are to call: 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on September 2, 2021. Text Only Entry (gpgsec, ) (Entered: 09/02/2021) |
| 08/16/2021 | 119 | NOTICE of Change of Address/Contact Information by Kevin Scott Hoskins (Hoskins, Kevin) (Entered: 08/16/2021) |
| 08/04/2021 | 118 | ORDER (1) STRIKING NOTICE OF DEPOSITION OF DEFENDANT GREAT NORTHERN INSURANCE COMPANY AND (2) VACATING THE INFORMAL DISCOVERY DISPUTE HEARING SET BEFORE THIS COURT ON 8/4/2021, by Magistrate Judge Gordon P. Gallagher on 8/4/2021. (Attachments: # 1 Exhibit A, # 2 Exhibit B) (agarc, ) (Entered: 08/04/2021) |
| 07/30/2021 | 117 | MINUTE ENTRY for Discovery Hearing held on 7/30/2021 before Magistrate Judge Gordon P. Gallagher. FTR: Grand Junction. (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit) (nrich) (Entered: 08/02/2021) |
| 07/29/2021 | 116 | ORDER : Telephonic Discovery Hearing set for 8/4/2021 3:00 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Discovery Chart due 24 hours prior. At the time of the hearing, parties to call: 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on July 29, 2021. Text Only Entry (gpgsec, ) (Entered: 07/29/2021) |
| 07/29/2021 | 115 | STIPULATION for Extension of Time *to Respond to Plaintiff's First Set of Written Discovery* by Defendants Dale Krupowicz, Celia Santana. (Palmeri, John) (Entered: 07/29/2021) |
| 07/28/2021 | 114 | ORDER : Telephonic Discovery Hearing (concerning only Santana and Krupowicz defendants) set for 7/30/2021 11:30 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Discovery chart is due 24 hours prior. At the time of the hearing the parties shall call 888–363–4749, Access 3136546#. Attorney Samberg advises that this hearing may occur without her/her team's participation; if Attorney Samberg objects to this Order, she/her team shall file a |

| | | written objection within 24 hours of this Order. By Magistrate Judge Gordon P. Gallagher on July 28, 2021. Text Only Entry (gpgsec, ) (Entered: 07/28/2021) |
|---|---|---|
| 07/12/2021 | 113 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Discovery Hearing held on 7/12/2021. The Court notes the topics of dispute as set forth in the discovery dispute chart. The Court GRANTS the motion for in person depositions but declines to make Order at this time pertaining to when and how to set such depositions. Court directs the parties to continue to confer on this issue. If no agreement can be reached, the parties are to contact the Court to schedule further proceedings. Hearing concluded. FTR: Durango–PM. (cmadr, ) (Entered: 07/15/2021) |
| 07/06/2021 | 112 | ORDER: Telephone Discovery Hearing set for 7/12/2021 01:30 PM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. The joint discovery dispute chart is due 24 hours in advance to Gallagher_Chambers@cod.uscourts.gov. At the time of the hearing the parties are to call 571–353–2300, Access Code 345835770#. By Magistrate Judge Gordon P. Gallagher on July 6, 2021. Text Only Entry (gpgsec, ) (Entered: 07/06/2021) |
| 07/01/2021 | 111 | NOTICE of Supplemental Authorities re: 51 MOTION to Dismiss *Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* by Defendants Steven W. Mortensen, Matthew Witcher (Attachments: # 1 Exhibit Exhibit A)(Hoskins, Kevin) (Entered: 07/01/2021) |
| 06/17/2021 | 110 | REPLY to Response to 102 First MOTION for Leave to *Consider Certificate of Review Declaration By Plaintiff's Consultant on Professional Negligence of Defendants Krupwoicz and Santana* 75 Brief in Opposition to Motion, *Plaintiff's Reply In Support Of Motion For Leave Of Court To Consider Certificate Of Review Declaration By Plaintiff's Expert Consultant on Professional Negligence (Related ECF Documents 66, 67, 69, 75, 95, 102 And 104)* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 06/17/2021) |
| 06/14/2021 | 109 | NOTICE re 96 Proposed Scheduling Order, 108 Scheduling Order, *Notice By Plaintiff Of His Failure To Include Damages Statement Against Defendants Santana and Krupowicz In Proposed Scheduling Order (ECF Doc.96)* by Plaintiff Mark Krum (Krum, Mark) (Entered: 06/14/2021) |
| 06/14/2021 | 107 | ORDER granting 86 Second MOTION to Vacate 77 Order on Motion to Stay. By Magistrate Judge Gordon P. Gallagher on June 14, 2021. Text Only Entry(gpgsec, ) (Entered: 06/14/2021) |
| 06/14/2021 | 106 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Scheduling Conference held on 6/14/2021. Scheduling Order entered and Motion at D. 86 is granted. APPEARANCES all via telephone: For Plaintiff, Mark Krum, pro se; For all Defendants except Santana and Krupiwicz, Amy Samberg and Kevin Hoskins; and For Defendants Santana and Krupiwicz, John Palmeri and Paul Jordan. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 06/14/2021) |
| 06/11/2021 | 108 | SCHEDULING ORDER: by Magistrate Judge Gordon P. Gallagher on 6/11/21. Joint Discovery Update to be submitted by 12/31/21. Designation of Affirmative Experts due by 1/18/2022. Discovery due by 4/15/2022. Dispositive Motions due by 5/18/2022. Designation of Rebuttal Experts due by 2/17/2022. (nmarb, ) (Entered: 06/14/2021) |
| 06/10/2021 | 105 | RESPONSE to 102 First MOTION for Leave to *Consider Certificate of Review Declaration By Plaintiff's Consultant on Professional Negligence of Defendants Krupiwicz and Santana* 75 Brief in Opposition to Motion, filed by Defendants Dale Krupowicz, Celia Santana. (Jordan, Paul) (Entered: 06/10/2021) |
| 06/10/2021 | 104 | RESPONSE to 102 First MOTION for Leave to *Consider Certificate of Review Declaration By Plaintiff's Consultant on Professional Negligence of Defendants Krupiwicz and Santana* 75 Brief in Opposition to Motion, filed by Defendant Celia Santana. (Jordan, Paul) (Entered: 06/10/2021) |
| 06/09/2021 | 103 | MEMORANDUM regarding 102 First MOTION for Leave to *Consider Certificate of Review Declaration By Plaintiff's Consultant on Professional Negligence of Defendants Krupiwicz and Santana* 75 Brief in Opposition to Motion, filed by Mark Jay Krum. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 6/8/2021. (Text Only Entry) (rmsec ) (Entered: 06/09/2021) |
| 06/09/2021 | 102 | First MOTION for Leave to *Consider Certificate of Review Declaration By Plaintiff's Consultant on Professional Negligence of Defendants Krupwoicz and Santana* 75 Brief in Opposition to Motion, by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One Redacted Certificate of Review Declaration of Plaintiff's Expert Consultant)(Krum, Mark) (Entered: 06/09/2021) |

| 06/04/2021 | 101 | REPLY to Response to 70 MOTION to Dismiss filed by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company. (Samberg, Amy) (Entered: 06/04/2021) |
| 06/03/2021 | 100 | ORDER: Telephonic Scheduling Conference set for 6/11/2021 10:00 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. At the time of the hearing, parties to call 888–363–4749, Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on June 3, 2021. Text Only Entry (gpgsec, ) (Entered: 06/03/2021) |
| 06/02/2021 | 99 | REPLY to Response to 51 MOTION to Dismiss *Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* filed by Defendants Steven W. Mortensen, Matthew Witcher. (Samberg, Amy) (Entered: 06/02/2021) |
| 05/31/2021 | 98 | ORDER granting 91 Motion for Leave. The Court finds good cause for the late filing of the reply. The reply may be lodged. So Ordered. by Magistrate Judge Gordon P. Gallagher on 5/31/21. Text Only Entry(GPG) (Entered: 05/31/2021) |
| 05/28/2021 | 97 | RESPONSE to 91 MOTION for Leave to *File Reply in Support of their 51 MOTION to Dismiss Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher Plaintiff's Response As Ordered By Court (ECF Doc. 93)* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One – May 24, 2021 Email Correspondence Between Mr. Krum and Ms. Samberg, # 2 Exhibit Exhibit Two – March 4, 2021 Email Correspondence Between Mr. Krum and Ms. Samberg)(Krum, Mark) (Entered: 05/28/2021) |
| 05/28/2021 | 96 | Proposed Scheduling Order *Parties Amended Proposed Scheduling Order Pursuant to ECF Doc. 83 and ECF Doc. 77* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 05/28/2021) |
| 05/26/2021 | 95 | REPLY to Response to 66 MOTION to Dismiss *for Failure to File Certificate of Review* filed by Defendants Dale Krupowicz, Celia Santana. (Attachments: # 1 Exhibit A)(Palmeri, John) (Entered: 05/26/2021) |
| 05/25/2021 | 94 | ERRATA re 70 MOTION to Dismiss *Exhibit 1* by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company. (Samberg, Amy) (Entered: 05/25/2021) |
| 05/25/2021 | 93 | ORDER taking under advisement 91 Motion for Leave. Plaintiff SHALL respond, in no more than 3 pages, no later than June 1, 2021, as to the motion. Specifically, Plaintiff SHALL address any prejudice should the motion be granted and WHY THIS SIMPLE ISSUE COULD NOT BE RESOLVED BY WAY OF CONFERRAL WITHOUT REQUIRING COURT INTERVENTION. So Ordered. by Magistrate Judge Gordon P. Gallagher on 5/25/21. Text Only Entry(GPG) (Entered: 05/25/2021) |
| 05/25/2021 | 92 | MEMORANDUM regarding 91 MOTION for Leave to *File Reply in Support of their 51 MOTION to Dismiss Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* filed by Matthew Witcher, Steven W. Mortensen. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 5/25/2021. (Text Only Entry) (rmsec ) (Entered: 05/25/2021) |
| 05/24/2021 | 91 | MOTION for Leave to *File Reply in Support of their 51 MOTION to Dismiss Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* by Defendants Steven W. Mortensen, Matthew Witcher. (Attachments: # 1 Exhibit Exhibit 1)(Samberg, Amy) (Entered: 05/24/2021) |
| 05/24/2021 | 90 | MEMORANDUM regarding 86 Second MOTION to Vacate 77 Order on Motion to Stay, *Unopposed Second Motion By Plaintiff For The Court To Vacate and Terminate Its Discovery Stay of May 13, 2021* filed by Mark Jay Krum. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 5/24/2021. (Text Only Entry) (rmsec ) (Entered: 05/24/2021) |
| 05/23/2021 | 89 | NOTICE re 79 Notice (Other) *May 17, 2021 Krum THAS Supplemental Appraisal Award For Clarification Purposes Only Issued By Appraiser Michael Pavluk and Appraiser Thomas Kirkpatrick (To Be Attached/Incorporated With ECF Doc. 85 Signed By Third Appraiser Daniel Stern)* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 05/23/2021) |
| 05/22/2021 | 88 | RESPONSE to 70 MOTION to Dismiss *Exhibit One To Be Attached To ECF Doc. 87 Plaintiff's Opposition To Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc., And Federal Insurance Company's Motion To Dismiss Amended Complaint* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One To ECF Doc. 87)(Krum, Mark) (Entered: 05/22/2021) |

| 05/21/2021 | 87 | RESPONSE to 70 MOTION to Dismiss *Plaintiff's Opposition To Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc., And Federal Insurance Company's Motion To Dismiss Amended Complaint* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 05/21/2021) |
|---|---|---|
| 05/21/2021 | 86 | Second MOTION to Vacate 77 Order on Motion to Stay,,,,,,, *Unopposed Second Motion By Plaintiff For The Court To Vacate and Terminate Its Discovery Stay of May 13, 2021* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 05/21/2021) |
| 05/21/2021 | 85 | NOTICE re 79 Notice (Other) *May 17, 2021 Krum THAS Supplemental Appraisal Award For Clarification Purposes Only Issued By Appraiser Micheal Pavluk and Appraiser Daniel Stern* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 05/21/2021) |
| 05/21/2021 | 84 | NOTICE of Change of Address/Contact Information by Kevin Scott Hoskins (Hoskins, Kevin) (Entered: 05/21/2021) |
| 05/20/2021 | 83 | MINUTE ORDER: Chambers for US Magistrate Judge Gallagher received an ex parte telephone message from a single party requesting potential dates for a scheduling conference. The Court will not provide dates at this time as it is not at all certain that the Courts prior Orders have yet been complied with. As the Court stated, see D. 77 and D. 82, the Parties SHALL confer and SHALL submit a joint proposed scheduling order based on the THAS appraisal now having been completed. Once that has occurred, the Court will set a scheduling conference. The Court is well aware that this matter needs to timely move forward. That is best accomplished by the Parties cooperating and conferring in such a fashion that the case can make constructive progress. by Magistrate Judge Gordon P. Gallagher on 5/20/21. Text Only Entry (GPG) (Entered: 05/20/2021) |
| 05/17/2021 | 82 | ORDER striking 80 , Motion to Vacate, for lack of conferral. The statement "[e]arlier today the Chubb Defendants and Defendants Santana Krupowicz were provided with an advance copy of a draft of the instant Motion. None of the attorneys listed on the Courts ECF system for this case have responded to Plaintiffs request to inform him as to whether they oppose the Motion" does not comply with the meaning or the spirit of D.C.COLO.LCivR7.1. The parties SHALL engage in meaningful conferral on this issue, and to the extent practicable, tailor and narrow the issues before returning to the Court on the subject. So Ordered. by Magistrate Judge Gordon P. Gallagher on 5/17/21. Text Only Entry(GPG) (Entered: 05/17/2021) |
| 05/17/2021 | 81 | MEMORANDUM regarding 80 First MOTION to Vacate 77 Order on Motion to Stay, *Plaintiff's Motion for theCourt to Terminate Its Discovery Stay And To Set An Earlier Scheduling Conference Date* filed by Mark Jay Krum. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 5/17/2021. (Text Only Entry) (rmsec ) (Entered: 05/17/2021) |
| 05/14/2021 | 80 | First MOTION to Vacate 77 Order on Motion to Stay,,,,,,, *Plaintiff's Motion for theCourt to Terminate Its Discovery Stay And To Set An Earlier Scheduling Conference Date* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 05/14/2021) |
| 05/14/2021 | 79 | NOTICE re 61 Order on Motion for Appointment, *May 13, 2021 Krum THAS Appraisal Award Issued By Michael Pavluk, Thomas Kirkpatrick and Daniel Stern* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 05/14/2021) |
| 05/14/2021 | 78 | NOTICE of Entry of Appearance by Paul W. Jordan, Jr on behalf of Dale Krupowicz, Celia Santana (Jordan, Paul) (Entered: 05/14/2021) |
| 05/13/2021 | 77 | ORDER granting 62 Motion to Stay: Defendants move to stay discovery in this matter pending the THAS appraisal, which appraisal is slated to be complete this month––May 2021. Somewhat unrealistically, Plaintiff claims that all discovery in this litigation to be propounded and obtained by Plaintiff from the named Defendants will be the same regardless of the outcome of the THAS appraisal. (D. 64, p. 8). Defendants' posture is that significant aspects of this action will be tailored by the amount of loss determined by the binding appraisal. (D. 62, p. 4). Applying the factors set forth in String Cheese Incident, LLC v. Stylus Shows, Inc., No. 1:02–CV–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006), the Court finds that the balance tips strongly in favor of what is destined to be a brief stay of the matter. While Plaintiff opposes the motion, it would ultimately be in Plaintiff's best interest to properly tailor discovery based on the result of the THAS appraisal. It would impose an undue burden on Defendants to respond to discovery before the THAS appraisal and then conceivably respond a second time after the appraisal when the lay of the land has changed. It would be inconvenient to the Court to engage in inevitable disputes as to whether discovery should be repeated after the appraisal. The Court finds that there is no substantial weight that need be given to factors four and five in this discrete circumstance. For the foregoing reasons, discovery is STAYED. No later than July 1, 2021, the parties SHALL jointly submit a proposed amended scheduling order for the |

| | | |
|---|---|---|
| | | Courts review. The scheduling conference currently set for May 14, 2021 is hereby vacated and will be reset upon receipt of the proposed amended scheduling order. by Magistrate Judge Gordon P. Gallagher on 5/13/21. Text Only Entry(GPG) (Entered: 05/13/2021) |
| 05/13/2021 | 76 | ADVISORY NOTICE TO ATTORNEY AND COURT: Under D.C.COLO.LAttyR 3(a), Paul W. Jordan, Jr was administratively removed from the court's attorney roll and barred from filing electronically under CM/ECF for failing to pay the 2020 Biennial Fee. Counsel must complete a Bar/ECF application through counsel's existing Attorney Services Portal account and pay the full application fee to be restored to the attorney roll and CM/ECF. Counsel, however, need not pay any delinquent biennial fees. Upon reinstatement, counsel must file a Notice of Entry of Appearance in this case. (Text Only Entry) (tnguy) (Entered: 05/13/2021) |
| 05/12/2021 | 75 | BRIEF in Opposition to 66 MOTION to Dismiss *for Failure to File Certificate of Review on behalf of Defendants Santana and Krupowicz* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One April 28, 2021 Email #1, # 2 Exhibit Exhibit Two April 28, 2021 Email #2, # 3 Exhibit Exhibit Three April 28, 2021 Email #3)(Krum, Mark) (Entered: 05/12/2021) |
| 05/10/2021 | 74 | REPLY to Response to 62 MOTION to Stay *Litigation Pending Resolution of Appraisal* filed by Counter Claimants Great Northern Insurance Company, Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Hoskins, Kevin) (Entered: 05/10/2021) |
| 05/03/2021 | 73 | MINUTE ENTRY for proceedings held before Magistrate Judge Gordon P. Gallagher: Scheduling Conference held on 5/3/2021. After discussion, and without entering scheduling deadlines or orders, the Court Ordered that this Scheduling Conference shall be re−set for 5/14/2021 09:00 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. At the time of the hearing, parties to call 888−363−4749, Access 3136546#. APPEARANCES all via telephone: Plaintiff, pro se, Mark Krum; as well as Defense Counsel as follows: Amy Samberg; Kevin Hoskins; John Palmeri; and Paul Jordan. FTR: Grand Junction. (gpgsec, ) Text Only Entry (Entered: 05/03/2021) |
| 05/02/2021 | 72 | NOTICE of Change of Address/Contact Information by Amy M. Samberg (Samberg, Amy) (Entered: 05/02/2021) |
| 04/30/2021 | 71 | MEMORANDUM regarding 70 MOTION to Dismiss filed by Chubb INA Holdings, Inc, Federal Insurance Company, Chubb Group Holdings, Inc. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 4/30/2021. (Text Only Entry) (rmsec ) (Entered: 04/30/2021) |
| 04/30/2021 | 70 | MOTION to Dismiss by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company. (Hoskins, Kevin) (Entered: 04/30/2021) |
| 04/28/2021 | 69 | NOTICE re 66 MOTION to Dismiss *for Failure to File Certificate of Review − Plaintiff's Amended Certificate of Review Regarding Defendants Santana and Krupowicz Filed* by Plaintiff Mark Jay Krum (Attachments: # 1 Exhibit Exhibit One April 28, 2021 Email #1, # 2 Exhibit Exhibit Two April 28, 2021 Email, # 3 Exhibit Exhibit Three April 28, 2021 Email)(Krum, Mark) (Entered: 04/28/2021) |
| 04/28/2021 | 68 | MEMORANDUM regarding 66 MOTION to Dismiss *for Failure to File Certificate of Review* filed by Celia Santana, Dale Krupowicz. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 4/28/2021. (Text Only Entry) (rmsec ) (Entered: 04/28/2021) |
| 04/28/2021 | 67 | NOTICE *of Certificate of Review for Defendants Krupowicz and Santana* by Plaintiff Mark Jay Krum (Attachments: # 1 Email From Krum to Palmeri on April 28, # 2 Email From Palmeri to Krum on April 28)(Krum, Mark) (Entered: 04/28/2021) |
| 04/28/2021 | 66 | MOTION to Dismiss *for Failure to File Certificate of Review* by Defendants Dale Krupowicz, Celia Santana. (Palmeri, John) (Entered: 04/28/2021) |
| 04/26/2021 | 65 | Proposed Scheduling Order *Prepared By The Parties Filed* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/26/2021) |
| 04/26/2021 | 64 | BRIEF in Opposition to 62 MOTION to Stay *Litigation Pending Resolution of Appraisal* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/26/2021) |
| 04/21/2021 | 63 | MEMORANDUM regarding 62 MOTION to Stay *Litigation Pending Resolution of Appraisal* filed by Great Northern Insurance Company. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 4/21/2021. (Text Only Entry) (rmsec ) (Entered: |

| | | 04/21/2021) |
|---|---|---|
| 04/21/2021 | 62 | MOTION to Stay *Litigation Pending Resolution of Appraisal* by Counter Claimants Great Northern Insurance Company, Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Hoskins, Kevin) (Entered: 04/21/2021) |
| 04/21/2021 | 61 | ORDER Granting 56 Motion for Appointment. Mr. Daniel Stern, President and CEO of Aurum Home Technology in Denver, Colorado is appointed the third appraiser under the Policy's appraisal provision. By Judge Raymond P. Moore on April 21, 2021. (rvill, ) (Entered: 04/21/2021) |
| 04/12/2021 | 60 | REPLY to Response to 56 First MOTION for Appointment *by Court of a Third Appraiser/Umpire for Plaintiff's "THAS" Claims [Defendant's Response at Doc. 58]* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/12/2021) |
| 04/09/2021 | 59 | NOTICE of Entry of Appearance by Tamara C. Jordan on behalf of Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company, Great Northern Insurance Company, Steven W. Mortensen, Matthew WitcherAttorney Tamara C. Jordan added to party Chubb Group Holdings, Inc.(pty:dft), Attorney Tamara C. Jordan added to party Chubb INA Holdings, Inc(pty:dft), Attorney Tamara C. Jordan added to party Federal Insurance Company(pty:dft), Attorney Tamara C. Jordan added to party Great Northern Insurance Company(pty:cc), Attorney Tamara C. Jordan added to party Great Northern Insurance Company(pty:cc), Attorney Tamara C. Jordan added to party Great Northern Insurance Company(pty:dft), Attorney Tamara C. Jordan added to party Steven W. Mortensen(pty:dft), Attorney Tamara C. Jordan added to party Matthew Witcher(pty:dft) (Jordan, Tamara) (Entered: 04/09/2021) |
| 04/06/2021 | 58 | RESPONSE to 56 First MOTION for Appointment *by Court of a Third Appraiser/Umpire for Plaintiff's "THAS" Claims* filed by Counter Claimants Great Northern Insurance Company, Great Northern Insurance Company, Defendant Great Northern Insurance Company. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2, # 3 Exhibit Exhibit 3, # 4 Exhibit Exhibit 4)(Hoskins, Kevin) (Entered: 04/06/2021) |
| 04/05/2021 | 57 | BRIEF in Opposition to 51 MOTION to Dismiss *Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* filed by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 04/05/2021) |
| 03/17/2021 | 56 | First MOTION for Appointment *by Court of a Third Appraiser/Umpire for Plaintiff's "THAS" Claims* by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 03/17/2021) |
| 03/17/2021 | 55 | *Plaintiff Mark Jay Krum's* ANSWER/REPLY to 52 Answer to Amended Complaint, Counterclaim *of Defendant Great Northern Insurance Company* by Mark Jay Krum([Pro Se E–filer, Effective 12/10/2020]).(Krum, Mark) (Entered: 03/17/2021) |
| 03/15/2021 | 54 | MEMORANDUM regarding 51 MOTION to Dismiss *Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* filed by Matthew Witcher, Steven W. Mortensen. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 3/15/2021. (Text Only Entry) (rmsec ) (Entered: 03/15/2021) |
| 03/15/2021 | 53 | ANSWER to 31 Amended Complaint, by Dale Krupowicz, Celia Santana.(Palmeri, John) (Entered: 03/15/2021) |
| 03/15/2021 | 52 | ANSWER to 31 Amended Complaint, , COUNTERCLAIM against Mark Jay Krum by Great Northern Insurance Company.(Samberg, Amy) (Entered: 03/15/2021) |
| 03/15/2021 | 51 | MOTION to Dismiss *Amended Complaint as to Defendants Steve Mortensen and Matthew Witcher* by Defendants Steven W. Mortensen, Matthew Witcher. (Samberg, Amy) (Entered: 03/15/2021) |
| 03/10/2021 | 50 | ORDER: At the parties' request to accommodate an earlier Scheduling Conference, the Scheduling Conference which had been set for 6/3/2021 is hereby VACATED and re–set for 5/3/2021 11:30 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Parties are asked to file a proposed Scheduling Order one week prior. At the time of the hearing, parties to call 888–363–4749, Access 3136546#. By Magistrate Judge Gordon P. Gallagher on March 10, 2021. Text Only Entry (gpgsec, ) (Entered: 03/10/2021) |
| 03/10/2021 | 49 | ORDER: Telephonic Scheduling Conference re–set for 6/3/2021 11:30 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Proposed Order due one week prior. At the time of the hearing, parties are to call 1–888–363–4749, Access Code 3136546#. By |

| | | Magistrate Judge Gordon P. Gallagher on March 10, 2021. Text Only Entry (gpgsec, ) (Entered: 03/10/2021) |
|---|---|---|
| 03/07/2021 | 48 | ORDER granting 45 Motion to Vacate: The Court finds good cause to vacate the scheduling conference set for 3/16/21 and to reschedule said conference after the answer date of 4/30/21. The 3/16/21 date is vacated. The parties SHALL jointly contact the Court's Clerk in Grand Junction to reschedule the scheduling conference consistent with this Order. by Magistrate Judge Gordon P. Gallagher on 3/7/21. Text Only Entry(GPG) (Entered: 03/07/2021) |
| 03/05/2021 | 47 | RESPONSE to 45 MOTION to Vacate *and Reschedule Scheduling Conference and Other Deadlines Until After the Responsive Pleading Deadline of April 30, 2021 Plaintiff's Opposition to Defendants' Motion to Vacate and Reschedule Scheduling Conference* filed by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibit One – March 4, 2021 Email Correspondence to Counsel for Chubb Defendants)(Krum, Mark) (Entered: 03/05/2021) |
| 03/05/2021 | 46 | MEMORANDUM regarding 45 MOTION to Vacate *and Reschedule Scheduling Conference and Other Deadlines Until After the Responsive Pleading Deadline of April 30, 2021* filed by Chubb INA Holdings, Inc, Matthew Witcher, Federal Insurance Company, Great Northern Insurance Company, Chubb Group Holdings, Inc., Steven W. Mortensen. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 3/5/2021. (Text Only Entry) (rmsec ) (Entered: 03/05/2021) |
| 03/05/2021 | 45 | MOTION to Vacate *and Reschedule Scheduling Conference and Other Deadlines Until After the Responsive Pleading Deadline of April 30, 2021* by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company, Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher, Counter Claimant Great Northern Insurance Company. (Samberg, Amy) (Entered: 03/05/2021) |
| 03/05/2021 | 44 | CONSENT to Jurisdiction of Magistrate Judge by Defendants Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance Company, Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher All parties do not consent.. (Samberg, Amy) (Entered: 03/05/2021) |
| 03/04/2021 | 43 | NOTICE of Entry of Appearance by Kevin Scott Hoskins on behalf of Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance CompanyAttorney Kevin Scott Hoskins added to party Chubb Group Holdings, Inc(pty:dft), Attorney Kevin Scott Hoskins added to party Chubb INA Holdings, Inc(pty:dft), Attorney Kevin Scott Hoskins added to party Federal Insurance Company(pty:dft) (Hoskins, Kevin) (Entered: 03/04/2021) |
| 03/04/2021 | 42 | NOTICE of Entry of Appearance by Amy M. Samberg on behalf of Chubb Group Holdings, Inc., Chubb INA Holdings, Inc, Federal Insurance CompanyAttorney Amy M. Samberg added to party Chubb Group Holdings, Inc.(pty:dft), Attorney Amy M. Samberg added to party Chubb INA Holdings, Inc(pty:dft), Attorney Amy M. Samberg added to party Federal Insurance Company(pty:dft) (Samberg, Amy) (Entered: 03/04/2021) |
| 03/03/2021 | 41 | NOTICE re 39 Summons Returned Executed, 38 Summons Returned Executed, 40 Summons Returned Executed,, Waiver of Service Executed, *Notice of Errata Of Incorrect Docket Entry* by Plaintiff Mark Jay Krum (Krum, Mark) (Entered: 03/03/2021) |
| 03/02/2021 | 40 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Federal Insurance Company waiver sent on 3/1/2021, answer due 4/30/2021. (Krum, Mark) Modified to correct answer due date on 3/3/2021 (rvill, ). (Entered: 03/02/2021) |
| 03/02/2021 | 39 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Chubb INA Holdings, Inc served on 3/1/2021, answer due 4/30/2021. (Krum, Mark) Modified to correct answer due date on 3/3/2021 (rvill, ). (Entered: 03/02/2021) |
| 03/02/2021 | 38 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Chubb Group Holdings, Inc. served on 3/1/2021, answer due 4/30/2021. (Krum, Mark) Modified to correct answer due date on 3/3/2021 (rvill, ). (Entered: 03/02/2021) |
| 03/01/2021 | 37 | ORDER: Upon consideration of Plaintiff's Notice 34 , it is ORDERED that (1) the amended complaint 31 is accepted as filed as of **today, March 1, 2021**; and (2) Defendants Great Northern, Mortensen, and Witcher's motion to dismiss 19 is denied as moot. SO ORDERED by Judge Raymond P. Moore on 3/1/2021. (Text Only Entry)(rmsec ) (Entered: 03/01/2021) |
| 03/01/2021 | 36 | ADVISORY NOTICE OF NONCOMPLIANCE WITH COURT RULES/PROCEDURES: re: 32 Summons Request filed by Pro−se Filer Mark J. Krum. The document was scanned and not |

| | | |
|---|---|---|
| | | converted directly to portable document format (PDF). **DO NOT REFILE THE DOCUMENT. Action to take –** future documents must be filed pursuant to D.C.COLO.LCivR 5.1(a) and 1.3(f) of the Electronic Case Filing Procedures (Civil cases). (Text Only Entry) (evana, ) (Entered: 03/01/2021) |
| 03/01/2021 | 35 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (evana, ) (Entered: 03/01/2021) |
| 02/26/2021 | 34 | NOTICE of Filing Amended Pleading re 31 Amended Complaint, *and attached Exhibits A through DD* by Plaintiff Mark Jay Krum (Attachments: # 1 Exhibit Pursuant to Local D.C.COLO.LCivR 15.1(a))(Krum, Mark) (Entered: 02/26/2021) |
| 02/26/2021 | 33 | MINUTE ORDER: This matter is before the Court after reviewing Plaintiff's amended complaint 31 , filed as a matter of course, and finding it does not comply with D.C.COLO.LCivR 15.1(a). Specifically, Local Rule 15.1(a) requires that a party who amends as a matter of course must file "a separate notice of filing the amended pleading and shall attach as an exhibit a copy of the amended pleading which strikes through (e.g., ~~strikes through~~) the text to be deleted and underlines (e.g., <u>underlines</u>) the text to be added." Accordingly, Plaintiff shall comply with Local Rule 15.1(a) by Monday, **March 1, 2021** or the amended complaint shall be stricken. SO ORDERED by Judge Raymond P. Moore on 2/26/2021. (Text Only Entry) (rmsec) (Entered: 02/26/2021) |
| 02/26/2021 | 32 | SUMMONS REQUEST as to Chubb Limited; Chubb Group Holdings, Inc.; Chubb INA Holdings, Inc.; Federal Insurance Company re 31 Amended Complaint, by Plaintiff Mark Jay Krum. (Krum, Mark) (Entered: 02/26/2021) |
| 02/25/2021 | 31 | AMENDED COMPLAINT *By Plaintiff Mark Jay Krum* against All Defendants, filed by Mark Jay Krum. (Attachments: # 1 Exhibit Amended Index of Plaintiff's Exhibits, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit)(Krum, Mark) (Entered: 02/25/2021) |
| 02/22/2021 | 30 | NOTICE of Entry of Appearance *Amended Notice of Entry of Appearance* by Paul W. Jordan, Jr on behalf of Dale Krupowicz, Celia SantanaAttorney Paul W. Jordan, Jr added to party Celia Santana(pty:dft) (Jordan, Paul) (Entered: 02/22/2021) |
| 02/16/2021 | 29 | ORDER granting 27 Motion to Withdraw as Attorney. Attorney Jonathan Thomas Koehler terminated by Magistrate Judge Gordon P. Gallagher on 2/16/21. Text Only Entry(GPG) (Entered: 02/16/2021) |
| 02/16/2021 | 28 | MEMORANDUM regarding 27 MOTION to Withdraw as Attorney *for Defendants* filed by Matthew Witcher, Great Northern Insurance Company, Steven W. Mortensen. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 2/16/2021. (Text Only Entry) (rmsec ) (Entered: 02/16/2021) |
| 02/15/2021 | 27 | MOTION to Withdraw as Attorney *for Defendants* by Counter Claimant Great Northern Insurance Company, Defendants Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher. (Koehler, Jonathan) (Entered: 02/15/2021) |
| 02/12/2021 | 26 | NOTICE of Entry of Appearance by Kevin Scott Hoskins on behalf of Great Northern Insurance Company, Steven W. Mortensen, Matthew WitcherAttorney Kevin Scott Hoskins added to party Great Northern Insurance Company(pty:cc), Attorney Kevin Scott Hoskins added to party Great Northern Insurance Company(pty:dft), Attorney Kevin Scott Hoskins added to party Steven W. Mortensen(pty:dft), Attorney Kevin Scott Hoskins added to party Matthew Witcher(pty:dft) (Hoskins, Kevin) (Entered: 02/12/2021) |
| 02/09/2021 | 25 | NOTICE of Entry of Appearance *on Behalf of Defendants Dale Krupowicz and Celia Santana* by Paul W. Jordan, Jr on behalf of Dale KrupowiczAttorney Paul W. Jordan, Jr added to party Dale Krupowicz(pty:dft) (Jordan, Paul) (Entered: 02/09/2021) |
| 02/09/2021 | 24 | Motion No Longer Referred to Magistrate Judge re: 19 MOTION to Dismiss *and Strike* on February 9, 2021. Text Only Entry. (rvill, ) (Entered: 02/09/2021) |
| 02/09/2021 | 23 | MEMORANDUM regarding 19 MOTION to Dismiss *and Strike* filed by Matthew Witcher, Great Northern Insurance Company, Steven W. Mortensen. Motion referred to Magistrate Judge Gordon P. Gallagher. By Judge Raymond P. Moore on 2/9/2021. (Text Only Entry) (rmsec ) (Entered: 02/09/2021) |

| | | |
|---|---|---|
| 02/09/2021 | 22 | ANSWER to 1 Complaint, *Defendants Celia Santana and Dale Krupowicz's Answer and Jury Demand* Attorney John M. Palmeri added to party Dale Krupowicz(pty:dft) by Dale Krupowicz.(Palmeri, John) (Entered: 02/09/2021) |
| 02/09/2021 | 21 | ANSWER to 1 Complaint, *Defendants' Celia Santana and Dale Krupowicz's Answer and Jury Demand* Attorney John M. Palmeri added to party Celia Santana(pty:dft) by Celia Santana.(Palmeri, John) (Entered: 02/09/2021) |
| 02/08/2021 | 20 | ANSWER to 1 Complaint, , COUNTERCLAIM *for Declaratory Judgment* against Mark Jay Krum by Great Northern Insurance Company. (Attachments: # 1 Exhibit Exhibit 1, # 2 Exhibit Exhibit 2)(Koehler, Jonathan) (Entered: 02/08/2021) |
| 02/08/2021 | 19 | MOTION to Dismiss *and Strike* by Defendants Great Northern Insurance Company, Steven W. Mortensen, Matthew Witcher. (Koehler, Jonathan) (Entered: 02/08/2021) |
| 01/13/2021 | 18 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Dale Krupowicz waiver sent on 12/11/2020, answer due 2/9/2021. (Krum, Mark) (Entered: 01/13/2021) |
| 01/13/2021 | 17 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Celia Santana waiver sent on 12/11/2020, answer due 2/9/2021. (Krum, Mark) (Entered: 01/13/2021) |
| 01/05/2021 | 16 | ORDER: Telephonic Scheduling Conference set for 3/16/2021 09:00 AM in Room 323 (Grand Junction) before Magistrate Judge Gordon P. Gallagher. Proposed Order due one week prior. At the time of the hearing, parties are to call 1–888–363–4749, Access Code 3136546#. By Magistrate Judge Gordon P. Gallagher on January 5, 2021. Text Only Entry (gpgsec, ) (Entered: 01/05/2021) |
| 12/25/2020 | 15 | MINUTE ORDER: After reviewing Plaintiff's response 14 to the Order to Show Cause 8 , and being otherwise fully advised, the Court finds, on the record before it, that Plaintiff has sufficiently shown that diversity jurisdiction exists. Accordingly, it is **ORDERED** that the Order to Show Cause is **DISCHARGED**. SO ORDERED by Judge Raymond P. Moore on 12/25/2020. (Text Only Entry) (rmsec ) (Entered: 12/25/2020) |
| 12/23/2020 | 14 | RESPONSE TO ORDER TO SHOW CAUSE *and Certificate of Service* re 8 by Plaintiff Mark Jay Krum. (Attachments: # 1 Exhibit Exhibits One Through Four)(Krum, Mark) (Entered: 12/23/2020) |
| 12/18/2020 | 13 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Steven W. Mortensen waiver sent on 12/10/2020, answer due 2/8/2021. (Krum, Mark) (Entered: 12/18/2020) |
| 12/18/2020 | 12 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Matthew Witcher waiver sent on 12/10/2020, answer due 2/8/2021. (Krum, Mark) (Entered: 12/18/2020) |
| 12/18/2020 | 11 | WAIVER OF SERVICE Returned Executed by Mark Jay Krum. Great Northern Insurance Company waiver sent on 12/10/2020, answer due 2/8/2021. (Krum, Mark) (Entered: 12/18/2020) |
| 12/17/2020 | 10 | NOTICE of Entry of Appearance by Jonathan Thomas Koehler on behalf of Great Northern Insurance Company, Steven W. Mortensen, Matthew WitcherAttorney Jonathan Thomas Koehler added to party Great Northern Insurance Company(pty:dft), Attorney Jonathan Thomas Koehler added to party Steven W. Mortensen(pty:dft), Attorney Jonathan Thomas Koehler added to party Matthew Witcher(pty:dft) (Koehler, Jonathan) (Entered: 12/17/2020) |
| 12/17/2020 | 9 | NOTICE of Entry of Appearance by Amy M. Samberg on behalf of Great Northern Insurance Company, Steven W. Mortensen, Matthew WitcherAttorney Amy M. Samberg added to party Great Northern Insurance Company(pty:dft), Attorney Amy M. Samberg added to party Steven W. Mortensen(pty:dft), Attorney Amy M. Samberg added to party Matthew Witcher(pty:dft) (Samberg, Amy) (Entered: 12/17/2020) |
| 12/11/2020 | 8 | ORDER TO SHOW CAUSE. On or before December 31, 2020, Plaintiff shall SHOW CAUSE why this action should not be dismissed without prejudice for lack of subject matter jurisdiction. By Judge Raymond P. Moore on December 11, 2020. (rvill, ) (Entered: 12/11/2020) |
| 12/10/2020 | 7 | SUMMONS issued by Clerk. (Attachments: # 1 Magistrate Judge Consent Form) (jtorr, ) (Entered: 12/10/2020) |
| 12/10/2020 | 6 | MINUTE ORDER: With the assignment of this matter, the parties are advised that throughout this case they are expected to be familiar and comply with not only the Local Rules of this District, but also Judge Raymond P. Moore's Civil Practice Standards, which may be found at: http://www.cod.uscourts.gov/JudicialOfficers/ActiveArticleIIIJudges/HonRaymondPMoore.aspx. |

| | | |
|---|---|---|
| | | SO ORDERED by Judge Raymond P. Moore on 12/10/2020. (Text Only Entry) (rmsec ) (Entered: 12/10/2020) |
| 12/10/2020 | 5 | ORDER REFERRING CASE to Magistrate Judge Gordon P. Gallagher. Pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and Fed. R. Civ. P. 72(a) and (b), this case is referred to the assigned United States Magistrate Judge to (1) convene a scheduling conference under Fed. R. Civ. P. 16(b) and enter a scheduling order meeting the requirements of D.C.COLO.LCivR 16.2, (2) conduct such status conferences and issue such orders necessary for compliance with the scheduling order, including amendments or modifications of the scheduling order upon a showing of good cause, (3) hear and determine pretrial matters, including discovery and other non–dispositive motions, (4) conduct a pretrial conference and enter a pretrial order, and (5) conduct hearings, including evidentiary hearings, and submit proposed findings of fact and recommendations for rulings on dispositive motions. Court sponsored alternative dispute resolution is governed by D.C.COLO.LCivR 16.6. On the recommendation or informal request of the magistrate judge or on the request of the parties by motion, this court may direct the parties to engage in an early neutral evaluation, a settlement conference, or another alternative dispute resolution proceeding. By Judge Raymond P. Moore on 12/10/2020. (Text Only Entry) (rmsec ) (Entered: 12/10/2020) |
| 12/10/2020 | 4 | NOTICE of Related Cases by Plaintiff Mark Jay Krum. (rvill, ) (Entered: 12/10/2020) |
| 12/10/2020 | 3 | Magistrate Judge consent form issued pursuant to 28 U.S.C. 636(c). NO SUMMONS ISSUED. (agarc, ) (Entered: 12/10/2020) |
| 12/09/2020 | 2 | Case assigned to Judge Raymond P. Moore and drawn to Magistrate Judge Gordon P. Gallagher. Text Only Entry. (agarc, ) (Entered: 12/10/2020) |
| 12/09/2020 | 1 | COMPLAINT Jury Trial Demanded against Chubb Limited, Great Northern Insurance Company, Dale Krupowicz, Steven W. Mortensen, Celia Santana, Matthew Witcher (Filing Fee: $402.00; Receipt Number:COX097398), filed by Mark Jay Krum. (Attachments: # 1 Index of Exhibits, # 2 Exhibits A1–A20, # 3 Exhibits B–F, # 4 Exhibits G–L, # 5 Exhibits M–R, # 6 Exhibits S–V, # 7 Exhibits W–BB, # 8 Civil Cover Sheet)(agarc, ) (Entered: 12/10/2020) |